**Runako Ray LINDSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–94–254–CR, 13–94–255–CR, 13–94–256–CR and 13–94–257–CR.**

Court of Appeals of Texas, Corpus Christi.

April 27, 1995.

Ordered Published June 1, 1995.

Yolanda Gutierrez Burns, Burns, Gutierrez & McLelland, Corpus Christi, for appellant.

Carlos Valdez, Dist. Atty., James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, for appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr., and RODRIGUEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

In 1992, appellant was placed on deferred adjudication probation in cause no. 13–94–255–CR. In 1993, the State filed a motion to revoke probation and adjudicate guilt. The

trial court adjudged him guilty of theft and assessed punishment at 10 years' confinement and a $250.00 fine. The sentence was suspended, and appellant was placed on probation. In 1994, the State filed a motion to revoke probation, and appellant pleaded true to the motion. The trial court revoked appellant's probation and assessed punishment at 10 years' confinement.

Appellant pleaded guilty in cause no. 13–94–257–CR to delivery of a simulated controlled substance. The trial court found him guilty and assessed punishment at 10 years' confinement.

Appellant pleaded true to the State's motions to revoke probation and adjudicate guilt in cause nos. 13–94–254–CR and 13–94–256–CR. The trial court adjudged him guilty of delivery of cocaine in cause no. 13–94–254–CR and assessed punishment at 99 years' confinement. The trial court also adjudged appellant guilty of retaliation in cause no. 13–94–256–CR and assessed punishment at 10 years' confinement.

Appellant's court-appointed attorney has filed a brief in which she has concluded that these appeals are wholly frivolous and without merit. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The brief meets the requirements of *Anders* as it presents a professional evaluation of why there are no arguable grounds for advancing an appeal. *See Stafford v. State,* 813 S.W.2d 503 (Tex.Crim.App.1991); *High v. State,* 573 S.W.2d 807 (Tex.Crim.App.1978); *Currie v. State,* 516 S.W.2d 684 (Tex.Crim.App.1974); *Jackson v. State,* 485 S.W.2d 553 (Tex.Crim.App.1972); *Gainous v. State,* 436 S.W.2d 137 (Tex.Crim.App.1969).

Even though appellant's attorney has concluded that these appeals are wholly frivolous and without merit, she has filed one arguable point of error. Appellant's counsel contends 1) that appellant's plea of guilty to the indictment in cause no. 13–94–257–CR was involuntary because the trial court failed to fully admonish him concerning the ramifications of waiving his rights, 2) that appellant's plea of true to the allegations in the motion to revoke probation in cause no. 13–94–255–CR was involuntary because the trial court failed to fully admonish him concerning the ramifi-

cations of waiving his rights, and 3) that appellant's pleas of true to the allegations in the motions to revoke probation and adjudicate guilt in cause nos. 13–94–254–CR and 13–94–256–CR were involuntary because the trial court failed to fully admonish him concerning the ramifications of waiving his rights.

A copy of counsel's brief has been delivered to appellant, and appellant has been informed of his right to examine the appellate record and to file his own brief. No pro se brief has been filed.

### PLEA OF GUILTY IN CAUSE NO. 13–94–257–CR

■ Appellant contends that his plea of guilty to the indictment in cause no. 13–94–257–CR was involuntary because the trial court failed to fully admonish him concerning the ramifications of waiving his rights.

■ Before accepting a plea of guilty, a trial court must admonish the defendant in accordance with Tex.Code Crim.Proc.Ann. art. 26.13 (Vernon 1989). The trial court may make the admonitions required by art. 26.13 either orally or in writing. Tex.Code Crim.Proc.Ann. art. 26.13(d) (Vernon 1989); *Muñoz v. State,* 840 S.W.2d 69, 75 (Tex. App.—Corpus Christi 1992, pet. ref'd). If the court admonishes a defendant in writing, rather than orally, the court "must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea." *Muñoz,* 840 S.W.2d at 75.

Appellant cites us to the transcription of the plea hearing as proof that the trial court completely failed to admonish him orally. The record reflects that the trial court did not admonish appellant orally. The record shows that the trial court questioned appellant concerning cause nos. 13–94–254–CR, 13–94–255–CR, 13–94–256–CR, and 13–94–257–CR as follows:

Court: In each of these cases I have before me several documents that appear to have your signature. Did you read those documents?

Appellant: Yes, sir.

Court: Do you understand everything that is contained in those documents?

Appellant: Yes.

Court: Did you freely and voluntarily sign those documents?

Appellant: Yes, sir.

Court: Are you aware that by signing those documents you were giving up valuable and important rights?

Appellant: Yes, sir.

The record reveals that the trial court, prior to accepting appellant's plea of guilty in cause no. 13–94–257–CR, admonished him in writing concerning the consequences of his plea of guilty. The court's written admonishments are followed by a document entitled "Statement of Defendant." In this document, appellant states:

I understand the Court's written explanation of my constitutional and statutory rights. I understand my rights. I waive all of my rights.

\* \* \* \* \* \*

I understand the admonishments given to me in writing by the Court, I know the range of punishment applicable in this cause, and I am aware of the consequences of my entering a plea of guilty.

Appellant further makes specific statements regarding his understanding of the consequences of his plea. The "Statement of Defendant" is signed and sworn to by appellant. The Statement of Defendant is followed by a document entitled "Attorney's Certificate." In this document, appellant's attorney states:

I, Yolanda Gutierrez Burns, attorney for the Defendant herein, hereby certify that I have read and/or explained the Court's written admonishments to the Defendant.

\* \* \* \* \* \*

The Defendant is fully aware of the consequences of his ... plea, knows the range of punishment, and understands the admonishments given to him ... by the Court in writing as above stated.

The Attorney's Certificate is signed by appellant's attorney. The Attorney's Certificate is followed by an order of the trial court accepting and approving the Defendant's Statement and Attorney's Certificate.

The record reflects that the trial court properly admonished appellant of the consequences of his plea of guilty in cause no. 13–94–257–CR in accordance with TEX.CODE CRIM.PROC.ANN. art. 26.13. The record also reflects sufficient evidence to support the conviction. We overrule appellant's sole point of error in cause no. 13–94–257–CR.

### PLEA OF TRUE IN CAUSE NO. 13–94–255–CR

Appellant complains that his plea of true to the State's motion to revoke probation in cause no. 13–94–255–CR was involuntary because the trial court failed to fully admonish him concerning the ramifications of waiving his rights. The admonishments required by TEX.CODE CRIM.PROC.ANN. art. 26.13 do not apply in revocation of probation proceedings. *See Harris v. State*, 505 S.W.2d 576, 577–78 (Tex.Crim.App.1974). Nevertheless, the record reflects that prior to accepting appellant's plea of true in cause no. 13–94–255–CR, the trial court admonished appellant in writing concerning the consequences of his plea of true. The court's written admonishments are followed by a document entitled "Statement of Defendant." In this document, appellant states that he understands the court's written admonishments of his constitutional rights, that he understands his constitutional rights, and that he waives all of his constitutional rights. The "Statement of Defendant" is signed by appellant. The Statement of Defendant is followed by a document entitled "Attorney's Certificate." In this document, appellant's attorney states that she has read and/or explained the court's written admonishments to appellant, that he is fully aware of the consequences of his plea, and that he understands the admonishments given to him by the court in writing. The Attorney's Certificate is signed by appellant's attorney. The Attorney's Certificate is followed by an order of the trial court accepting and approving the Defendant's Statement and Attorney's Certificate.

The record also reflects sufficient evidence to support the revocation of probation. We

overrule appellant's sole point of error in cause no. 13–94–255–CR.

### PLEAS OF TRUE IN CAUSE NOS. 13–94–254–CR AND 13–94–256–CR

■ Appellant complains that his pleas of true to the State's motions to revoke probation and adjudicate guilt in cause nos. 13–94–254–CR and 13–94–256–CR were involuntary because the trial court failed to fully admonish him concerning the ramifications of waiving his rights.

■ TEX.CODE CRIM.PROC.ANN. art. 42.12 § 5 controls questions concerning deferred probation and motions to adjudicate guilt. Art. 42.12 § 5(b) states in relevant part as follows:

> On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained.... The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination.

TEX.CODE CRIM.PROC.ANN. art. 42.12 § 5(b) (Vernon Supp.1995). It is well settled that no appeal may be taken from the hearing in which the trial court determines to proceed with an adjudication of guilt on the original charge. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App.1992); *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex.Crim.App.1992); *Russell v. State*, 702 S.W.2d 617, 618 (Tex. Crim.App.1985).

Nevertheless, we review the record in the interest of justice. The record reflects that prior to accepting appellant's pleas of true in cause nos. 13–94–254–CR and 13–94–256–CR, the trial court admonished appellant in writing concerning the consequences of his pleas of true. The court's written admonishments are followed by documents entitled "Statement of Defendant." In these documents, appellant states that he understands the court's written admonishments of his constitutional rights, that he understands his constitutional rights, and that he waives all of his constitutional rights. The Statements of Defendant are signed by appellant. The Statements of Defendant are followed by documents entitled "Attorney's Certificate." In this document, appellant's attorney states that she has read and/or explained the court's written admonishments to appellant, that he is fully aware of the consequences of his pleas, and that he understands the admonishments given to him by the court in writing. The Attorney's Certificates are signed by appellant's attorney. The Attorney's Certificates are followed by orders of the trial court accepting and approving the Defendant's Statements and Attorney's Certificates.

The record also reflects sufficient evidence to support the revocation of probation in both cases. We overrule appellant's sole point of error in cause nos. 13–94–254–CR and 13–94–256–CR.

We have carefully reviewed the record and counsel's brief. We find nothing in the record that might arguably support the appeal. We find no reversible error. We agree with appellant's counsel that the appeal is wholly frivolous and without merit.

We AFFIRM the judgments of the trial court.