TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-99-00347-CR

Jose Acosta, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT

NO. 0924708, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

Jose Acosta appeals from an order revoking community supervision and imposing
sentence of imprisonment for five years. Appellant was placed on community supervision in 1973
following his conviction for indecency with a child by contact.

Citing article 26.13(a)(4), appellant contends his plea of true to the allegations in
the motion to revoke was not knowingly made because he was not admonished by the court that
the plea might result in his deportation. See Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) (West
Supp. 2000). Article 26.13 does not apply to probation revocation proceedings. See Harris v.
State, 505 S.W.2d 576, 578 (Tex. Crim. App. 1974); Lindsey v. State, 902 S.W.2d 9, 12 (Tex.
App.--Corpus Christi 1995, no pet.). Point of error one is overruled.

Appellant further contends that he did not receive effective assistance of counsel
because his lawyer at the revocation proceeding did not advise him about the possibility of
deportation. Appellant states that he would not have pleaded true had he known that deportation
was possible. See Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). This
contention fails because there is no evidence that appellant was not given the advice he claims he
needed. A silent record cannot overcome the presumption that counsel's conduct fell within the
wide range of reasonable professional assistance. See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994), and at 772 (Baird, J., concurring). Point of error two is overruled.

Although we overrule the points of error for the reasons stated above, we also note
that appellant was admonished in writing about the possibility of deportation when he originally
pleaded guilty. See Tex. Code Crim. Proc. Ann. art. 26.13(d) (West 1989). Appellant told the
court at that time that he was a United States citizen. Nevertheless, deportation proceedings were
subsequently initiated by the United States government. We are not advised of the present status
of those proceedings, and appellant does not explain the effect, if any, the revocation of his
supervision might have on them.

The order revoking community supervision is affirmed.

 

 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: April 27, 2000

Do Not Publish