NUMBER 13-99-612-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 ___________________________________________________________________ 


RONALD WAYNE JACKSON , Appellant, 



v.

 
THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 



On appeal from the 329th District Court

 of Wharton County, Texas.

 ____________________________________________________________________ 



O P I N I O N

 Before Chief Justice Seerden, and Justices Yanez and Kennedy(1)

Opinion by Justice Kennedy


Appellant's court appointed attorney has filed a brief in which he has concluded that this appeal is wholly frivolous and
without merit. Anders v. California, 386 U.S. 738 (1967). The brief meets the requirements of Anders as it presents a
professional evaluation of why there are no arguable grounds for advancing an appeal. See Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1991); Lindsey v. State, 902 S.W.2d 9, 11 (Tex. App. - Corpus Christi 1995, no pet.). 

The appellate attorney herein has enclosed with his brief a copy of a letter which he has sent to appellant telling appellant
what he has done and his reasons therefor. The letter shows that a copy of the brief filed herein was enclosed for appellant
to examine and the letter further advises appellant of his right to a copy of the record in the trial court and of his right to file
his own brief herein. This letter is dated November 22, 1999. No pro se brief having been timely filed prior to May 31,
2000, this court considered the merits of the case based upon our search of the record for error, or whether it is wholly
frivolous, in accordance with Penson v. Ohio, 488 U.S. 75 (1988). We found no error. 

 On July 31, 2000, appellant filed a pro se brief in which he raises three issues as follows: 

Issue 1: The trial court erred in failing to find the preponderance of the evidence showed that appellant was guilty only of a
second degree felony. 

Issue 2: The trial court abused its discretion when it allowed testimony of extraneous offenses as character evidence to
show that appellant acted in conformity with that offense. 

 Issue 3: Appellant received ineffective assistance of counsel when his trial attorney failed to object to testimony of
collateral crimes allegedly admitted by appellant and which tends to show appellant being a criminal in general. 

Although the brief was not timely filed, we consider it in the interest of justice. 

Appellant was indicted for murder and the indictment alleged two prior felony convictions for purpose of enhancement. At
the hearing on guilt or innocence, the court admonished appellant fully and asked for his plea. The record shows that
appellant pleaded guilty to the primary offense, murder, and the state presented its evidence. The evidence consisted of
appellant's confession in which he fully admitted that he killed his wife. It also consisted of statements from other
witnesses which corroborated different aspects of the crime. The court found the defendant guilty of the primary offense
and the case was then reset for a hearing on punishment. 

At the hearing on punishment, appellant's attorney asked the court to consider that the offense was committed under sudden
passion.(2)

Counsel conceded that this was his burden to prove by a preponderance of the evidence. The state's attorney responded that
if the court were to find what defense counsel had requested, the enhancement allegations [presumably, if found to be true]
would enhance the second degree felony to a first degree felony and the punishment would be the same as for murder, as
alleged as the primary offense. 

After the presentation of evidence from both sides, the attorneys presented oral argument to the court. The court assessed
punishment at confinement for life. 

We consider appellant's third issue, ineffective assistance of counsel, first because, depending on its merit, one or both of
the other issues might be unappealable. 

Appellant correctly states the standard for judging ineffectiveness of counsel to be (in summary), (1) did counsel's
representation fall below an objective standard of reasonableness and, (2) if it did, is there a reasonable probability that, but
for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466
U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). 

Appellant pleaded "guilty" at the guilt or innocence stage of the trial. At the punishment phase he pleaded "true" to both
previous convictions alleged. The evidence against him at the primary offense stage was conclusive and included his
voluntary statement which described in detail the shooting of his wife. 

At the punishment phase, defense counsel made a very effective argument to the court in which he asked the court to
consider that appellant had turned himself in to the authorities immediately after the shooting. He pointed out to the court
that appellant suffered from a mental illness, including extreme depression, and was a product of special education in
school. Counsel asked the court to consider all of the aspects of the case and to consider a range of punishment of
twenty-five to thirty years. Appellant's third issue raising the question of ineffective counsel fails both prongs of
theStrickland test and we deny the relief sought by this issue. 

In Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000), the court of criminal appeals held, "Whether entered with
our without an agreed recommendation of punishment by the state, a valid plea of guilty or nolo contendere 'waives' or
forfeits the right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not
supported by the error." The only issue raised by this appeal (the only possible error) which could "support" or could have
erroneously contributed to the finding of guilt following Young would be the issue of whether appellant was adequately
represented. We must presume that the trial judge considered only legitimate evidence in making his final judgment. 

Having determined that appellant's legal representation at both hearings was in no way deficient, we hold that appellant's
plea of guilty waives or forfeits any claim of error he might have on appeal. We overrule issues one and two and AFFIRM
the judgment of the trial court. 

NOAH KENNEDY 

Retired Justice 



Concurring opinion by Justice Linda Reyna Yañez. 



Do not publish. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this the 31st day of August, 2000. 

 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. §74.003 (Vernon 1998). 

2. There was evidence that appellant and the deceased had a troubled marriage. There was also evidence that just prior to
the killing the parties had engaged in a bumping contest while driving separate cars on the highway. 





* * * * * * * * * * * *







NUMBER 13-99-612-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 ___________________________________________________________________ 



RONALD WAYNE JACKSON, Appellant, 



v.

 

THE STATE OF TEXAS, Appellee. 

___________________________________________________________________ 



On appeal from the 329th District Court

of Wharton County, Texas.

___________________________________________________________________ 



CONCURRING OPINION

 
Before Chief Justice Seerden, and Justices Yañez and Kennedy(1)

Concurring Opinion by Justice Yañez



I concur in the result reached by the majority, but write separately to clarify the application of Young v. State, 8 S.W.3d
656, 666-67 (Tex. Crim. App. 2000), to the facts before us. 

As the majority notes, in Young, the court of criminal appeals held that "a valid plea of guilty or nolo contendere 'waives' or
forfeits the right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not
supported by, the error." Id. at 667. In the present case, appellant alleges the trial court erred because: (1) the evidence
showed he was only guilty of a second degree felony; (2) testimony of extraneous offenses was improperly admitted; and
(3) he received ineffective assistance of counsel. The evidence supporting appellant's guilt, however, includes his
confession and corroborating statements by other witnesses. Such evidence supports appellant's guilt, independent of any
of the errors he alleges. I conclude the judgment of guilt was rendered independent of, and is not supported by, the alleged
errors. Accordingly, appellant's claims of error were waived by his plea of guilty. 

________________________ 

LINDA REYNA YAÑEZ 

Justice 



Do not publish. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed this 

the 31st day of August, 2000. 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. §74.003 (Vernon 1998).