NUMBER
13-01-403-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                       CORPUS CHRISTIBEDINBURG

  

 

                      IN THE INTEREST OF M.A.M.,
A JUVENILE              

 

 

                   On appeal from the County
Court at Law No. 1 

                                 of Calhoun
County, Texas.

 

 

                                   O P I N I O N

 

          Before Chief Justice Valdez and
Justices Yañez and Castillo

                                   Opinion by
Justice Yañez

 

 

Appellant,
M.A.M., appeals a trial court order committing him to the Texas Youth
Commission for an indeterminate period of time not to exceed his twenty-first
birthday.  We affirm.








On March 15,
2001, appellant was placed on a twelve-month probation for possession of
marijuana.  Two weeks later, a
disposition hearing was held and the court found beyond a reasonable doubt that
the appellant did engage in delinquent conduct, was in need of rehabilitation
and that the protection of the public and the appellant required that
disposition to be made.  The court then
ordered appellant committed to the Texas Youth Commission in accordance with
chapter 61 of the Texas Human Resources Code and   section 54.04 of the Texas Family Code.[1]  Appellant had previously been adjudicated and
placed on one year probation on December 1, 1998, for felony criminal mischief
under section 28.03(a) of the Texas Penal Code, thus providing  the basis for a sentence to the Texas Youth
Commission.[2]

Appellant=s court
appointed attorney has filed a brief in which he has concluded that this appeal
has no meritorious issues to bring forward for review.  Anders v. California, 386 U.S. 738,
744 (1967).  The brief meets the
requirements of Anders as it presents a professional evaluation of why
there are no arguable grounds for advancing an appeal.  Id.; see Stafford v. State, 813 S.W.2d
503, 509-10 (Tex. Crim. App. 1991), and Lindsey v. State, 902 S.W.2d 9,
11 (Tex. App.BCorpus Christi
1995, no pet.).

Counsel states
in his brief that he has served a copy of his brief on appellant and he has advised him by
letter of his opinion that the appeal is without merit but that appellant has
the right to review the record and file a pro se brief.  To date, no pro se brief has been filed.








In Penson v. Ohio,
488 U.S. 75, 80 (1988), the Supreme Court discussed the responsibilities of an
appellate court upon receiving a Afrivolous appeal@ brief.  The court stated:  Aonce the appellate court
receives this brief, it must then itself conduct >a full examination of all the proceeding[s] to
decide whether the case is wholly frivolous.= @  Id. 
(quoting Anders, 386 U.S. at 744).  This we have done and we conclude that the
appeal is wholly frivolous.  We affirm
the judgment of the trial court.

 

                                                              
                                                        

                                                                   LINDA REYNA
YAÑEZ

Justice

 

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed this the

29th day of August, 2002.

 











[1]Tex. Hum. Res. Code Ann.
' 61 et seq.
(Vernon 2001), and Tex. Fam. Code
Ann. '
54.04 (Vernon 1996 & Supp. 2002).





[2]Tex.
Pen. Code Ann. ' 28.03(a)
(Vernon 1994 & Supp. 2002).