NUMBER
13-01-113-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                       CORPUS CHRISTIBEDINBURG

 

 

ANTONIO CORONADO,                                                       Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                       Appellee.

 

 

     On appeal from the 117th District Court
of Nueces County, Texas.

 

 

                                   O P I N I O N

 

          Before Chief Justice Valdez and
Justices Yañez and Castillo

                                   Opinion by
Justice Yañez

 

Appellant,
Antonio Coronado, appeals his conviction on two counts of theft.[1]  We affirm.








On November 6,
2000, appellant pled guilty to the thefts of a television system and a
projector, pursuant to a written plea agreement.  Based on the plea and the evidence submitted,
the trial court found appellant guilty and accepted the plea agreement on
January 10, 2001.  The plea agreement
stipulated a sixteenth-month jail term.

Appellant=s court
appointed attorney has filed a brief in which he has concluded that this appeal
has no meritorious issues to bring forward for review.  Anders v. California, 386 U.S. 738,
744 (1967).  The brief meets the
requirements of Anders as it presents a professional evaluation of why
there are no arguable grounds for advancing an appeal.  See Stafford v. State, 813 S.W.2d 503,
509-10 (Tex. Crim. App. 1991); Lindsey v. State, 902 S.W.2d 9, 11 (Tex.
App.BCorpus Christi
1995, no pet.).

Counsel states
in his brief that he has served a copy of his brief on appellant and he has advised him by
letter of his opinion that the appeal is without merit but that appellant has
the right to review the record and file a pro se brief.  To date, no pro se brief has been filed.

In Penson v. Ohio,
488 U.S. 75, 80 (1988), the Supreme Court discussed the responsibilities of an
appellate court upon receiving a Afrivolous appeal@ brief.  The court stated:  Aonce the appellate court
receives this brief, it must then itself conduct >a full examination of all the proceeding[s] to
decide whether the case is wholly frivolous.= A  Id. 
(quoting Anders, 386 U.S. at 744).  This we have done and we conclude that the
appeal is wholly frivolous.  We affirm
the judgment of the trial court.

 

                                                             
                                                       

        LINDA REYNA YAÑEZ

         Justice

 

Do not publish.  Tex.
R. App. P. 47.3.

Opinion delivered and filed this the

29th day of August, 2002.                  











[1] Tex. Pen. Code Ann. ' 31.03
(Vernon 1994).