NUMBER 13-02-393-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG


__________________________________________________________________


DARRELL WAYNE SPENCER , Appellant,



v.




THE STATE OF TEXAS , Appellee.

___________________________________________________________________



On appeal from the Criminal District Court

of Jefferson County, Texas.


__________________________________________________________________



O P I N I O N


Before Chief Justice Valdez and Justices Rodriguez and Kennedy (1)

Opinion by Justice Kennedy




 Appellant's attorney has filed a brief in which she has concluded that this appeal is wholly frivolous and without merit. 
Anders v. California, 386 U.S. 738, 744 (1967). The brief meets the requirements of Anders as it presents a professional
evaluation of why there are no arguable grounds for advancing an appeal. See Stafford v. State, 813 S.W.2d 503, 509-10
(Tex. Crim. App. 1991); Lindsey v. State, 902 S.W.2d 9, 11 (Tex. App.-Corpus Christi 1995, no pet.). 

 The appellant's attorney herein has enclosed with her brief a copy of a letter which she has sent to appellant telling
appellant what she has done and her reasons therefor. The letter shows that a copy of the brief filed herein was enclosed for
appellant to examine and the letter further advises appellant of his rights to a copy of the record in the trial court and of his
right to file his own brief herein. 

 Appellant has filed a pro se brief in which he complains that the trial court entered "[an] affirmative finding as to the use or
exhibit of deadly weapon." Appellant argues that "if evidence does not show that weapon caused death or serious bodily
injury, State in order to establish use or exhibition of deadly weapon in course of crime must produce evidence showing
that weapon was capable of causing serious bodily injury and was displayed or used in a manner that establishes intent to
use weapon to cause serious bodily injury." He concedes in his brief that the State "submitted [an] exhibit volume
containing medical records . . ." Appellant further concedes that the records indicate: 

 . . . no serious abnormalities in vision, breathing, or brain function. Although there is evidence of a fracture there is no
evidence as to any impairment or serious disfigurement. There is evidence of bodily injury, however, none legally sufficient
under serious bodily injury. The victim attended day surgery a week later 9-11-01 and was released the same day after
'definitive surgical repair.' There is no evidence that the surgery is necessary for function or figure.



The trial judge heard the evidence and was free to conclude that the board, in the manner of its use, was capable of causing
serious bodily injury. Appellant complains further that the finding of the use of a deadly weapon was entered two days
after formal sentence was imposed. We find no error on the part of the trial court.

 In Penson v. Ohio, 488 U.S. 75 (1988), the Supreme Court discussed the responsibilities of an appellate court upon
receiving a "frivolous appeal" brief. The Court stated: "Once the appellate court receives this brief, it must then, itself,
conduct a full examination of all the proceedings to decide whether the case is wholly frivolous." Id. at 80. This we have
done and we conclude that the appeal is wholly frivolous and that no error appears therein. See Stafford, 813 S.W.2d at
511.

 According to the record in the instant case, counsel has not asked permission to withdraw as counsel for appellant. 
Anders, 386 U.S. at 744. Therefore, counsel shall notify appellant of the disposition of this appeal and of the availability of
discretionary review. Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

 We AFFIRM the judgment of the trial court.

 

NOAH KENNEDY

Justice



Do not publish .

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 24th day of April, 2003. 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).