NUMBER 13-02-118-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

TREVUS WENDALL MARTIN,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                       

On appeal from the 36th District Court of San Patricio County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza
Opinion by Justice Yañez
 
          Appellant, Trevus Wendall Martin, challenges his conviction for credit card abuse.



We affirm.
          At a hearing on January 11, 2002, Martin made an open guilty plea. On the same
day, Martin signed a waiver of his right to a jury trial and his right to confront witnesses. 
At the sentencing hearing on February 11, 2002, the trial court assessed punishment at
two years confinement and restitution. On September 3, 2003, the trial court certified that
this case “is not a plea-bargain case, and the defendant has the right to appeal.” See Tex.
R. App. P. 25.2(a)(2).
          Court-appointed counsel on appeal, who also represented Martin at trial, has filed
a brief in which he has concluded that this appeal has no meritorious issues to bring
forward for review. See Anders v. California, 386 U.S. 738, 744 (1967). The brief meets
the requirements of Anders as it presents a professional evaluation of why there are no
arguable grounds for advancing an appeal. See Currie v. State, 516 S.W.2d 684, 684
(Tex. Crim. App. 1974); Lindsey v. State, 902 S.W.2d 9, 11 (Tex. App.–Corpus Christi
1995, no pet.).
          Counsel states in his brief that he has served a copy of his brief on appellant and
he has advised him by letter of his opinion that the appeal is without merit but that
appellant has the right to review the record and file a pro se brief. In the intervening
seventeen months, no pro se brief has been filed.
          In Penson v. Ohio, 488 U.S. 75, 80 (1988), the Supreme Court discussed the
responsibilities of an appellate court upon receiving a “frivolous appeal” brief. The Court
stated: “once the appellate court receives this brief, it must then itself conduct ‘a full
examination of all the proceeding[s] to decide whether the case is wholly frivolous.’” Id. 
(quoting Anders, 386 U.S. at 744).
          The record reflects that Martin visited the home of Feliciana Rodriguez in Aransas
Pass on September 15, 2001. On September 17, Rodriguez reported the theft of her credit
cards to the police. On September 18, Martin was arrested for using one of Rodriguez’s
credit cards without her permission. At the hearing on Martin’s guilty plea, his signed
stipulation and judicial confession was entered into the record. At the sentencing hearing,
Martin answered, “Yes,” to the question: “[I]s it fair to say that you stole this ATM card and
used it six or seven times, at least, in Portland and Aransas Pass.”
          After carefully reviewing the appellate record and counsel’s brief, we find nothing in
the record that might arguably support the appeal. We agree with counsel that the appeal
is wholly frivolous and without merit.
          An appellate court may grant a motion to withdraw from counsel in connection with
an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (noting that Anders brief
should be filed with request for withdrawal from case). Counsel has not requested to
withdraw from further representation of Martin on appeal. We hereby order counsel to
advise Martin of the disposition of this case and the availability of discretionary review. See
Ex Parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997). We further order counsel to
file any motion to withdraw as court-appointed counsel with this Court within ten days of the
date of this opinion.
          The judgment is affirmed.
                                                                                                                       
                                                               LINDA REYNA YAÑEZ
                                                                           Justice
 
 
Do not publish. Tex. R. App. P. 47.2(b).
Opinion delivered and filed this the
4th day of December, 2003.