NUMBER 13-02-666-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

LUIS OMAR HINOJOSA,                                                            Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                       

On appeal from the 138th District Court of Cameron County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza
Opinion by Justice Yañez
 
          Appellant, Luis Omar Hinojosa, challenges his conviction for driving while intoxicated
(DWI). We affirm.
          On September 27, 2002, Hinojosa made an open plea of guilt to an indictment
charging him with felony DWI.


 At the sentencing hearing on October 28, 2002, the trial
court assessed punishment at six years confinement. On September 3, 2003, the trial
court certified that this case “is not a plea-bargain case, and the defendant has the right
of appeal.” See Tex. R. App. P. 25.2(a)(2).
          Court-appointed counsel on appeal, who also represented Hinojosa at trial, has filed
a brief in which he has concluded that this appeal has no meritorious issues to bring
forward for review. See Anders v. California, 386 U.S. 738, 744 (1967). The brief meets
the requirements of Anders as it presents a professional evaluation of why there are no
arguable grounds for advancing an appeal. See Currie v. State, 516 S.W.2d 684, 684
(Tex. Crim. App. 1974); Lindsey v. State, 902 S.W.2d 9, 11 (Tex. App.–Corpus Christi
1995, no pet.).
          Counsel states in his brief that he has served a copy of his brief on appellant and
he has advised him by letter of his opinion that the appeal is without merit but that
appellant has the right to review the record and file a pro se brief. In the intervening eight
months, no pro se brief has been filed.
          In Penson v. Ohio, 488 U.S. 75, 80 (1988), the Supreme Court discussed the
responsibilities of an appellate court upon receiving a “frivolous appeal” brief. The Court
stated: “once the appellate court receives this brief, it must then itself conduct ‘a full
examination of all the proceeding[s] to decide whether the case is wholly frivolous.’” Id. 
(quoting Anders, 386 U.S. at 744).
          The record reflects that Hinojosa’s signed stipulation to the exhibit evidence and
waiver of his right to trial by jury and his right to confront witnesses was filed at the
September 27, 2002 hearing on his plea of guilty. The exhibits show that Hinojosa rear-ended another vehicle late in the evening of May 11, 2002. There were no skid marks at
the scene, indicating he failed to try to stop. Hinojosa smelled of alcohol and admitted to
drinking five beers. Hinojosa sustained injuries, while the other driver did not. This was
Hinojosa’s third arrest for DWI.
          After carefully reviewing the appellate record and counsel’s brief, we find nothing in
the record that might arguably support the appeal. We agree with counsel that the appeal
is wholly frivolous and without merit.
          An appellate court may grant a motion to withdraw from counsel in connection with
an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (noting that Anders brief
should be filed with request for withdrawal from case). Counsel has not requested to
withdraw from further representation of Hinojosa on appeal. We hereby order counsel to
advise Hinojosa of the disposition of this case and the availability of discretionary review. 
See Ex Parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997). We further order counsel
to file any motion to withdraw as court-appointed counsel with this Court within ten days of
the date of this opinion.
          The judgment is affirmed.
 
                                                                                                                       
                                                                LINDA REYNA YAÑEZ
                                                                           Justice
 
 
Do not publish. Tex. R. App. P. 47.2(b).
Opinion delivered and filed this the
11th day of December, 2003.