NUMBER 13-03-507-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
LINCOLN GRANT,                                                                       Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      

On appeal from the 24th District Court of Victoria County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
Opinion by Justice Yañez
 

          Appellant, Lincoln Grant, challenges his conviction for unlawful delivery of a
controlled substance.


 We affirm.
          On October 31, 2002, Grant was indicted. On June 4, 2003, Grant was found guilty
by a jury. The jury found the enhancement paragraphs to be true


 and assessed
punishment at twelve years confinement and a $6,000 fine. On June 10, 2003, the trial
court certified that this case “is not a plea-bargain case, and the defendant has the right
of appeal.” See Tex. R. App. P. 25.2(a)(2). On August 27, 2003, Grant filed his notice of
appeal.
          Court-appointed counsel on appeal, Keith S. Weiser, has filed a brief in which he
has concluded that this appeal has no meritorious issues to bring forward for review. See
Anders v. California, 386 U.S. 738, 744 (1967). The brief meets the requirements of
Anders as it presents a professional evaluation of why there are no arguable grounds for
advancing an appeal. Lindsey v. State, 902 S.W.2d 9, 11 (Tex. App.–Corpus Christi 1995,
no pet.).
          Counsel states in his brief that he has served a copy of his brief on appellant and
has advised him by letter of his opinion that the appeal is without merit but that appellant
has the right to review the record and file a pro se brief. In the intervening four months, no
pro se brief has been filed.
          In Penson v. Ohio, 488 U.S. 75, 80 (1988), the Supreme Court discussed the
responsibilities of an appellate court upon receiving a “frivolous appeal” brief. The Court
stated: “once the appellate court receives this brief, it must then itself conduct ‘a full
examination of all the proceeding[s] to decide whether the case is wholly frivolous.’” Id. 
(quoting Anders, 386 U.S. at 744).
          The record includes testimony from an undercover police officer who witnessed
Grant organize a purchase of less than one gram of crack cocaine for one hundred dollars. 
The testimony reflects that the officer handed Grant the money, Grant took it, and then he
gave the officer the cocaine. Another drug dealer present during this purchase testified that
he gave Grant the cocaine that Grant exchanged with the officer.
          After carefully reviewing the appellate record and counsel’s brief, we find nothing in
the record that might arguably support the appeal. We agree with counsel that the appeal
is wholly frivolous and without merit.
          An appellate court may grant a motion to withdraw from counsel in connection with
an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (noting that Anders brief
should be filed with request for withdrawal from case). Accordingly, counsel has requested
to withdraw from further representation of Grant. We grant counsel’s motion to withdraw 
and order counsel to notify appellant of the disposition of this appeal and of the availability
of discretionary review. See Ex parte Wilson, 956 S.W.2d 25. 27 (Tex. Crim. App. 1997). 
          The judgment is affirmed.
 
                                                                                                                       
                                                               LINDA REYNA YAÑEZ
                                                                           Justice
 
 
 
Do not publish. Tex. R. App. P. 47.2(b).
Opinion delivered and filed this the
17th day of June, 2004.