NUMBER
13-01-276-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

WHITNEY RICE,                                                                                Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                    On appeal from the 105th District
Court

                                        of
Nueces County, Texas.

 

 

 

                             MEMORANDUM  OPINION ON REMAND

 

     Before Chief Justice
Valdez and Justices Yanez and Castillo

 

      Opinion by Chief
Justice Valdez

 

 

 








Appellant, Whitney Rice, appeals from the trial
court=s order revoking community supervision and
sentencing him to two years= imprisonment. 
We previously reversed and remanded based on the trial court=s refusal to follow the prosecutor=s punishment recommendation.  See Rice v. State, No. 13-01-276-CR,
2002 Tex. App. LEXIS 6406 (Tex. App.BCorpus Christi Aug. 29, 2002), vacated and remanded
by 2003 Tex. Crim. App. LEXIS 956 (Tex. Crim. App. Nov. 19, 2003) (not
designated for publication) (per curiam). 
The Texas Court of Criminal Appeals granted review and vacated our
opinion, remanding to this Court for reconsideration in light of its opinion in
Gutierrez v. State, 108 S.W.3d 304 (Tex. Crim. App. 2003) (en banc).[1]
On remand, we affirm.

Rice was originally convicted for possession of
cocaine and given two years= imprisonment, suspended for five years= community supervision.  The State moved to revoke community
supervision.  At the hearing, Rice pled
true to three alleged violations of his community supervision.  The trial court declined to follow the State=s punishment recommendation and assessed punishment
at the original sentence of two years= imprisonment.

Rice appeals his conviction by alleging that the
trial court erred in denying his motion for new trial because (1) his pleas of
true were involuntary and unknowing due to a lack of notice of the charges
against him, (2) he received ineffective assistance of counsel in violation of
his constitutional rights, and (3) the ineffective assistance of counsel  meant that he could not knowingly and
voluntarily plead true to the charges against him.

Pleas of True








Rice argues in his first issue that he did not
understand the nature of the charges against him, and his pleas of true were therefore
involuntary and unknowing.  He
acknowledges that he was charged with B and pled true to B three
separate acts constituting violations of his community supervision.  However, he argues that because the State
introduced evidence tending to establish that he committed additional
violations of his community supervision, he did not receive adequate notice of
the totality of the charges against him and was therefore denied due
process.  

The standard of review for a trial court's order
denying a motion for new trial is abuse of discretion.  Lewis v. State, 911 S.W.2d 1, 7 (Tex.
Crim. App. 1995).  Furthermore, appellate
review of community supervision revocation proceedings is limited to a
determination of whether the trial court abused its discretion.  See Hays v. State, 933 S.W.2d
659, 660 (Tex. App.BSan Antonio 1996, no pet.).  The statutes governing probation do not make
reference to article 26.13 or to any requirement that a probationer receive
admonishments or be found to enter a plea of true knowingly and voluntarily.  See 
Tex. Code Crim. Proc. Ann. art.
42.12 (Vernon Supp. 2004-05); see also Harris v. State, 505 S.W.2d 576,
578 (Tex. Crim. App. 1974); Lindsey v. State, 902 S.W.2d 9, 13 (Tex.
App.BCorpus Christi 1995, no pet.).








Rice pled true to three violations of the terms of
his community supervision.  He read and
signed written admonishments regarding the charges against him and the
consequences of his pleas of true.  He
was also given oral admonishments in court by the judge, and he acknowledged
that he understood the implication of his plea. 
As the violation of a single condition of community supervision is
sufficient to support a trial court=s decision to revoke, see O'Neal v. State,
623 S.W.2d 660, 661 (Tex. Crim. App. 1981), and an appellant's plea of true,
standing alone, is sufficient to support the revocation of community
supervision, see Brooks v. State, 995 S.W.2d 762, 763 (Tex. App.BSan Antonio 1999, no pet.), we conclude that Rice=s pleas of true to three charged violations of
community supervision, coupled with the State=s
evidence showing these violations, were more than sufficient to support the
trial court=s order revoking probation.  See Lindsey, 902 S.W.2d at 13. 

Rice also appears to argue in his brief that this
evidence of additional violations testified to by the State=s witnesses improperly influenced the trial court to
impose a greater sentence than had been initially recommended by the
State.  A trial court in a revocation
hearing has the discretion to impose either the original sentence or a shorter
term of confinement.  See Tex. Code Crim. Proc. Ann. art. 42.12, ' 23(a) (Vernon Supp. 2004-05); see also Guzman v.
State, 923 S.W.2d 792, 799 (Tex. App.BCorpus Christi 1996, no pet.).  The judge may, in his sound discretion,
determine that the best interests of society and the defendant would be served
by a shorter term of confinement.  See
Tex. Code Crim. Proc. Ann.
art. 42.12, ' 23(a).   In
Rice=s revocation hearing, the trial court ultimately
decided to impose the original sentence of two years= confinement. 
It was within the court=s discretion to impose this sentence upon receiving
Rice=s plea of true to any single violation of his
community supervision, with or without hearing any additional evidence
regarding Rice=s behavior or other violations.  Considering that Rice pled true to three
major violations of his community supervision, including absconding from his
residential treatment program, and given the trial court=s authority to impose the original sentence for any
single violation, we conclude that the court clearly did not abuse its
discretion in imposing Rice=s original sentence. 

Accordingly, Rice=s
first issue on appeal is overruled.

Assistance of Counsel








By his second and third issues on appeal, Rice
alleges that he received ineffective assistance of counsel and that this
ineffective assistance rendered him unable to make  voluntary and knowing pleas of true.  Defendants have a right to effective
assistance of counsel at a probation revocation hearing unless it is
affirmatively waived.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 21(d) (Vernon Supp. 2004-05).  This Court evaluates the effectiveness of
counsel based on the Strickland standard of review, which is
well-established and unnecessary to repeat here.  See Strickland v. Washington, 466 U.S.
668, 687 (1984); Munoz v. State, 24 S.W.3d 427, 433-34 (Tex. App.BCorpus Christi 2000, no pet.) (applying the Strickland
standard). 

In this case, there is no indication in the record
of any misrepresentation by counsel concerning the consequences of Rice=s decision to plead true.  The hearing on Rice=s motion for new trial also failed to establish any
evidence of ineffectiveness.  Rice
testified at the revocation hearing that he had ample opportunity to discuss
the case and any possible defenses with his attorney and that he was satisfied
with the way he had been represented.  At
the hearing on Rice=s motion for new trial, Rice=s counsel testified as to her preparation and
strategy, and although she admitted to being surprised that a State=s witness recommended a greater sentence be imposed,
there is no evidence that this surprise rendered her representation
ineffective.  








We conclude that Rice has not proved by a
preponderance of the evidence on the record that counsel's advice fell outside
the range of competence.  See Rylander
v. State, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003).   Because we find Rice did not receive
ineffective assistance of counsel and his pleas were made knowingly and
voluntarily, the trial court did not abuse its discretion in failing to grant
his motion for new trial.  See
Lewis, 911 S.W.2d at 7.  Rice=s second and third issues on appeal are overruled. 

Conclusion

We affirm the judgment of the trial court.       

    

 

                                           

Rogelio Valdez,

Chief Justice

 

Do
not publish.

Tex. R. App. P.
47.2(b).

 

Memorandum Opinion on Remand delivered and filed

this 13th day of October, 2005.











[1]The court of criminal appeals held
in Gutierrez that counsel is not ineffective for failing to object when
a judge declines to follow a bargained-for sentencing recommendation.  See Gutierrez v. State, 108
S.W.3d  304, 310 (Tex. Crim. App. 2003).