

## NUMBER 13-10-00104-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**ROBERT THOMAS,**                                                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                                  **Appellee.**

---

### On appeal from the 28th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellant Robert Thomas challenges the revocation of his community supervision, which he was serving for his conviction for family violence assault. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2) (Vernon Supp. 2010). By one issue, Thomas argues that his due process rights were violated because he was not properly admonished of his rights at his revocation hearing. *See* U.S. CONST. amends. V, VI, XIV. We affirm.

## I.  BACKGROUND

Thomas was indicted for family violence assault, a third-degree felony, to which he pleaded guilty.  *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2).  The trial court sentenced Thomas to five years' incarceration but suspended the sentence and placed him on community supervision for a term of three years.

Approximately eight months later, the State moved to revoke Thomas's community supervision.  Thomas pleaded true to all the violations of his community supervision alleged by the State.  The trial court then found that Thomas committed the alleged violations, revoked his community supervision, and sentenced him to three years' incarceration in the Institutional Division of the Texas Department of Criminal Justice.  This appeal followed.

## II.  DISCUSSION

By his sole issue, Thomas argues that the trial court violated his due process rights at his revocation hearing by not properly admonishing him of his rights to confront and cross-examine witnesses, to produce witnesses and documentary evidence on his behalf, to be free from self-incrimination, and to testify on his own behalf.  We review a trial court's order revoking community supervision for abuse of discretion.  *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).

Thomas signed the trial court's written admonishments to him, acknowledging by his signature that he "carefully" read and "fully underst[ood]" the admonishments.  The admonishments provided, in relevant part, as follows:

> You have the right to plead not true and to have a hearing, without a jury, by the Court.  The State must prove any one or more of the alleged violations by a preponderance of the evidence.  You also have the right to remain silent, to require the State to bring witnesses into Court to testify

against you, to confront and cross-examine the witnesses through your attorney, and to present evidence in your defense. These are your constitutional rights that you would be waiving or giving up by pleading true and by agreeing to be tried upon stipulated testimony.

Thomas also placed his initials by the following specific paragraph:

**Waiver of Confrontation of Witnesses**: I understand that I have the right to the appearance, confrontation and cross-examination of witnesses in this cause. I hereby waive my right to the appearance, confrontation, and cross-examination of the witnesses against me. I agree that the testimony of the witnesses may be read into the record by the State's attorney; that such testimony would be the same as if the witnesses were present in Court and were testifying under oath; and that any testimony or evidence may be introduced by affidavit, written statements of witnesses, and any other documents offered by the State.

Thomas's acknowledgments are followed by a certificate signed by his trial counsel, stating that counsel read and explained the trial court's written admonishment to Thomas, that Thomas was fully aware of consequences of his plea, and that Thomas understood the admonishments given to him by the court in writing.

At his revocation hearing, Thomas then answered the following questions by the trial court:

[Court]: You had a chance to discuss this revocation hearing pending before the court with your attorney?

[Thomas]: Yes, Your Honor.

[Court]: Have you reviewed the admonishments given to you by the court?

[Thomas]: Yes, Your Honor.

[Court]: You understand what this document says?

[Thomas]: Yes.

[Court]: Those are your initials and your signature on the document?

[Thomas]: Yes.

3

. . . .

[Court]:     Mr. Thomas, to the allegations in the motion to revoke, do you plead true or not true?

[Thomas]:    True, Your Honor.

[Court]:     True to all of the allegations?

[Thomas]:    Yes, ma'am.

[Court]:     Are you pleading true to them because they are true?

[Thomas]:    Yes, ma'am.

[Court]:     You are doing that voluntarily?

[Thomas]:    Yes, ma'am.

[Court]:     No one is threatening you or forcing you or making you plea true in any way?

[Thomas]:    No.

[Court]:     You understand by pleading true, the State does not have to present evidence of these allegations?

[Thomas]:    Yes, ma'am.

Thomas seems to assert that he only waived his right to confront and cross-examine witnesses—i.e., the rights enumerated in the admonishments paragraph by which Thomas placed his initials. Thomas also asserts that, by its "single perfunctory question" asking Thomas if he understood his rights, the trial court did not explain Thomas's rights to him. For these reasons, Thomas argues his waiver of rights was not voluntary and knowing. We disagree.

The statute governing community supervision does not refer to article 26.13 of the code of criminal procedure, which is the provision that requires certain admonishments by

4

the trial court before a defendant can plead guilty. *See* Tex. Code Crim. Proc. Ann. art. 42.12 (Vernon Supp. 2010) (community supervision statute); *see also id.* art. 26.13 (Vernon Supp. 2010) (admonishments required in guilty plea proceedings). Thus, the admonishments required by article 26.13 do not apply in revocation proceedings. *Harris v. State*, 505 S.W.2d 576, 578 (Tex. Crim. App. 1974); *Lindsey v. State*, 902 S.W.2d 9, 12 (Tex. App.–Corpus Christi 1995, no pet.). The allegedly-absent admonishments Thomas complains of on appeal, therefore, were not guaranteed to him in his revocation hearing.

Regardless, the record here does not demonstrate that Thomas did not understand his plea of true or that his plea was otherwise involuntary. In fact, Thomas acknowledged by his signature on the trial court's written admonishments that he was waiving each right about which he complains on appeal, including his "right[s] to remain silent, to require the State to bring witnesses into Court to testify against [him], to confront and cross-examine the witnesses through [his] attorney, and to present evidence in [his] defense." Thomas then confirmed his understanding and waiver of those rights in open court during his revocation hearing.

We are not persuaded by Thomas's contention on appeal that his initialing of the one paragraph regarding confronting and cross-examining witnesses means he voluntarily waived only that right. Rather, we will not disregard (1) Thomas's clear acknowledgments on the trial court's written admonishments that he had read and understood the waiver of his rights, (2) Thomas's oral statements at his revocation hearing confirming that understanding, and (3) Thomas's counsel's written assurances that Thomas understood the consequences of his true plea, all of which appear plainly in

5

the record before us. *See Lindsey*, 902 S.W.2d at 12-13 (holding that appellant's plea of true was voluntary where he was admonished in writing by the trial court in a manner almost identical to this case); *see also Rice v. State*, No. 13-01-00276-CR, 2005 WL 2559941, at *2 (Tex. App.–Corpus Christi Oct. 13, 2005, no pet.) (mem. op., not designated for publication) (finding appellant's plea of true voluntary where he read and signed written admonishments regarding the charges against him and the consequences of his pleas of true and was given oral admonishments in court by the judge). We conclude that Thomas's plea of true was knowing and voluntary, that his due process rights were therefore not violated, and that the trial court did not abuse its discretion in revoking his community supervision. Thomas's sole issue is overruled.

### III. CONCLUSION

The judgment of the trial court revoking Thomas's community supervision is affirmed.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 21st
day of December, 2010.

6