NUMBER 13-10-00104-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

ROBERT THOMAS,                                                     
         Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                            Appellee.

                                                                                                                     
  

 

On appeal from the 28th
District Court 

of Nueces County,
Texas.

   
                                                                                                                  

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Benavides   

Memorandum Opinion by
Justice Rodriguez

                                                                                                                                    

Appellant Robert Thomas challenges the
revocation of his community supervision, which he was serving for his
conviction for family violence assault.  See Tex. Penal Code Ann. § 22.01(a)(1), (b)(2) (Vernon Supp.
2010).  By one issue, Thomas argues that his due process rights were violated
because he was not properly admonished of his rights at his revocation
hearing.  See U.S. Const.
amends. V, VI, XIV.  We affirm.

I. 
Background

 

            Thomas was indicted for family violence
assault, a third-degree felony, to which he pleaded guilty.  See Tex. Penal Code Ann. § 22.01(a)(1),
(b)(2).  The trial court sentenced Thomas to five years' incarceration but
suspended the sentence and placed him on community supervision for a term of
three years.

            Approximately eight months later, the State
moved to revoke Thomas's community supervision.  Thomas pleaded true to all the
violations of his community supervision alleged by the State.  The trial court
then found that Thomas committed the alleged violations, revoked his community
supervision, and sentenced him to three years' incarceration in the
Institutional Division of the Texas Department of Criminal Justice.  This
appeal followed.

II. 
Discussion

 

            By his sole issue, Thomas argues that the
trial court violated his due process rights at his revocation hearing by not
properly admonishing him of his rights to confront and cross-examine witnesses,
to produce witnesses and documentary evidence on his behalf, to be free from
self-incrimination, and to testify on his own behalf.  We review a trial
court's order revoking community supervision for abuse of discretion.  Rickels
v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).

            Thomas signed the trial court's written
admonishments to him, acknowledging by his signature that he
"carefully" read and "fully underst[ood]" the
admonishments.  The admonishments provided, in relevant part, as follows:

            You have the right to plead not true and to
have a hearing, without a jury, by the Court.  The State must prove any one or
more of the alleged violations by a preponderance of the evidence.  You also
have the right to remain silent, to require the State to bring witnesses into
Court to testify against you, to confront and cross-examine the witnesses
through your attorney, and to present evidence in your defense.  These are your
constitutional rights that you would be waiving or giving up by pleading true
and by agreeing to be tried upon stipulated testimony.

 

Thomas also placed his initials by the following specific
paragraph: 

            Waiver of Confrontation of Witnesses: 
I understand that I have the right to the appearance, confrontation and
cross-examination of witnesses in this cause.  I hereby waive my right to the
appearance, confrontation, and cross-examination of the witnesses against me. 
I agree that the testimony of the witnesses may be read into the record by the
State's attorney; that such testimony would be the same as if the witnesses
were present in Court and were testifying under oath; and that any testimony or
evidence may be introduced by affidavit, written statements of witnesses, and
any other documents offered by the State.            

 

Thomas's acknowledgments are followed by a certificate
signed by his trial counsel, stating that counsel read and explained the trial
court's written admonishment to Thomas, that Thomas was fully aware of
consequences of his plea, and that Thomas understood the admonishments given to
him by the court in writing.

At his revocation hearing, Thomas then
answered the following questions by the trial court:

[Court]:           You
had a chance to discuss this revocation hearing pending before the court with
your attorney?

 

[Thomas]:      Yes, Your Honor.

 

[Court]:           Have
you reviewed the admonishments given to you by the court? 

 

[Thomas]:      Yes, Your Honor.

 

[Court]:           You understand what this document
says?       

 

[Thomas]:      Yes.

 

[Court]:           Those are your initials and your
signature on the document?           

 

[Thomas]:      Yes.

 

                        . . . .

 

[Court]:           Mr.
Thomas, to the allegations in the motion to revoke, do you plead true or not
true?

 

[Thomas]:      True, Your Honor.

 

[Court]:           True to all of the allegations?        

 

[Thomas]:      Yes, ma'am.

 

[Court]:           Are you pleading true to them because
they are true?

 

[Thomas]:      Yes, ma'am.

 

[Court]:           You are doing that voluntarily?     

 

[Thomas]:      Yes, ma'am.

 

[Court]:           No
one is threatening you or forcing you or making you plea true in any way?

 

[Thomas]:      No.

 

[Court]:           You
understand by pleading true, the State does not have to present evidence of
these allegations?           

 

[Thomas]:      Yes, ma'am.

 

                Thomas
seems to assert that he only waived his right to confront and cross-examine
witnesses—i.e., the rights enumerated in the admonishments paragraph by which
Thomas placed his initials.  Thomas also asserts that, by its "single
perfunctory question" asking Thomas if he understood his rights, the trial
court did not explain Thomas's rights to him.  For these reasons, Thomas argues
his waiver of rights was not voluntary and knowing.  We disagree.

            The statute governing community supervision
does not refer to article 26.13 of the code of criminal procedure, which is the
provision that requires certain admonishments by the trial court before a defendant
can plead guilty.  See Tex. Code
Crim. Proc. Ann. art. 42.12 (Vernon Supp. 2010) (community supervision
statute); see also id. art. 26.13 (Vernon Supp. 2010) (admonishments
required in guilty plea proceedings).  Thus, the admonishments required by article
26.13 do not apply in revocation proceedings.  Harris v. State, 505
S.W.2d 576, 578 (Tex. Crim. App. 1974); Lindsey v. State, 902 S.W.2d 9,
12 (Tex. App.–Corpus Christi 1995, no pet.).  The allegedly-absent
admonishments Thomas complains of on appeal, therefore, were not guaranteed to
him in his revocation hearing.

Regardless, the record here does not
demonstrate that Thomas did not understand his plea of true or that his plea
was otherwise involuntary.  In fact, Thomas acknowledged by his signature on
the trial court's written admonishments that he was waiving each right about
which he complains on appeal, including his "right[s] to remain silent, to
require the State to bring witnesses into Court to testify against [him], to
confront and cross-examine the witnesses through [his] attorney, and to present
evidence in [his] defense."  Thomas then confirmed his understanding and
waiver of those rights in open court during his revocation hearing.

We are not persuaded by Thomas's
contention on appeal that his initialing of the one paragraph regarding
confronting and cross-examining witnesses means he voluntarily waived only that
right.  Rather, we will not disregard (1) Thomas's clear acknowledgments on the
trial court's written admonishments that he had read and understood the waiver
of his rights, (2) Thomas's oral statements at his revocation hearing
confirming that understanding, and (3) Thomas's counsel's written assurances
that Thomas understood the consequences of his true plea, all of which appear plainly
in the record before us.  See Lindsey, 902 S.W.2d at 12-13 (holding that
appellant's plea of true was voluntary where he was admonished in writing by
the trial court in a manner almost identical to this case); see also Rice v.
State, No. 13-01-00276-CR, 2005 WL 2559941, at *2 (Tex. App.–Corpus Christi
Oct. 13, 2005, no pet.) (mem. op., not designated for publication) (finding
appellant's plea of true voluntary where he read and signed written
admonishments regarding the charges against him and the consequences of his
pleas of true and was given oral admonishments in court by the judge).  We
conclude that Thomas's plea of true was knowing and voluntary, that his due
process rights were therefore not violated, and that the trial court did not
abuse its discretion in revoking his community supervision.  Thomas's sole
issue is overruled.

III.  Conclusion

            The judgment of the trial court revoking
Thomas's community supervision is affirmed.

 

                                                                                         NELDA
V. RODRIGUEZ

                                                                                         Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the 21st 

day of December,
2010.