**Virginio GOMEZ, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–94–503–CR, 13–94–507–CR and 13–94–508–CR.**

Court of Appeals of Texas, Corpus Christi.

Feb. 29, 1996.

Anne M. Marshall, Corpus Christi, for appellant.

Carlos Valdez, District Attorney, Adolfo Aguilo, Jr., Asst. District Attorney, Corpus Christi, for appellee.

Before DORSEY, FEDERICO G. HINOJOSA, Jr., and YAÑEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

In cause no. 13–94–503–CR, appellant was charged by indictment with possession of less than 28 grams of heroin and as a habitual felony offender. In cause no. 13–94–507–CR, appellant was charged by information with possession of less than 28 grams of heroin and as a habitual felony offender. In cause no. 13–94–508–CR, appellant was charged by indictment with possession of less than 28 grams of heroin and as a habitual felony offender.

Appellant, without a plea bargain, pleaded guilty to the possession charges and true to the habitual felony offender allegations in all three cases. In each case, the trial court found appellant guilty, found the habitual felony offender allegations to be true, and sentenced him to 30 years' confinement. The trial court ordered all three sentences to run concurrently. By three points of error, appellant complains that his pleas were not voluntary and that the evidence was insufficient for the trial court to find the habitual felony offender allegations to be true beyond a reasonable doubt. We affirm.

By his first point of error, appellant contends that the trial court erred by accepting his pleas of guilty to the possession charges because the pleas were not voluntarily given due to the ineffective assistance of counsel.

■ The State argues that appellant waived any error with respect to an ineffective assistance of counsel claim because appellant entered his pleas without an agreed recommendation from the state. The State relies on *Hall v. State*, 853 S.W.2d 756, 758 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). The *Hall* court held that when there is no plea bargain agreement and a plea of guilty is *knowingly and understandingly* made by the defendant, all nonjurisdictional defects, including claimed deprivations of federal due process are waived. *Id.* Because Hall claimed that he was denied effective assistance of counsel at the punishment hearing and did not raise the issue of the voluntariness of his plea, the court held that he waived error. *Id.* at 757. Unlike Hall, the appellant in this case claims that his pleas were not voluntarily made because he did not have effective assistance of counsel. We hold that appellant did not waive error on his ineffective assistance of counsel claim.

■ One basic tenet of our criminal jurisprudence is that a guilty plea entered by a defendant must be freely, knowingly, and voluntarily entered. Tex.Code Crim.Proc. Ann. art. 26.13(b) (Vernon 1989); *Ex parte Evans*, 690 S.W.2d 274, 276 (Tex.Crim.App. 1985). Voluntariness of a guilty plea is determined by the totality of the circumstances. *Muñoz v. State*, 840 S.W.2d 69, 74 (Tex. App.—Corpus Christi 1992, pet. ref'd); *Gibson v. State*, 747 S.W.2d 68, 70 (Tex.App.— Corpus Christi 1988, no pet.). The rule that a guilty plea must be voluntary, especially as it concerns consequences, is not without limits. *Ex parte Evans*, 690 S.W.2d at 277. A plea is not involuntary solely because the accused pleads guilty out of a desire to limit the possible penalty. *Flakes v. State*, 802 S.W.2d 844, 853 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd).

■ If a guilty plea is entered upon the advice of an attorney, that counsel must be competent and render effective assistance. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 369–70, 88 L.Ed.2d 203 (1985); *Ex parte Evans*, 690 S.W.2d at 276; *Meyers v. State*, 623 S.W.2d 397, 401 (Tex.Crim.App.1981). To prove his claim of ineffective assistance, an appellant must show 1) that counsel's representation fell below an objective standard of reasonableness and 2) that there is a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted upon going to trial. *Hill*, 474 U.S. at 57, 106 S.Ct. at 369–70; *Ex parte Pool*, 738 S.W.2d 285, 286 (Tex.Crim.

App.1987); *Muñoz,* 840 S.W.2d at 75. The adequacy of counsel's assistance must be gauged by the totality of the representation. *Muñoz,* 840 S.W.2d at 75; *Peña v. State,* 776 S.W.2d 746, 750 (Tex.App.—Corpus Christi 1989, pet. ref'd). There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland v. Washington,* 466 U.S. 668, 669, 104 S.Ct. 2052, 2055-56, 80 L.Ed.2d 674 (1984). The defendant must prove ineffective assistance of counsel by a preponderance of the evidence. *Cannon v. State,* 668 S.W.2d 401, 403 (Tex.Crim.App.1984).

It has been held that a conviction cannot be sustained when a plea of guilty or nolo contendere has been motivated by significant misinformation conveyed by the defendant's counsel or some other officer of the court. *McGuire v. State,* 617 S.W.2d 259, 261 (Tex.Crim.App.1981); *Messer v. State,* 757 S.W.2d 820, 824 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd).

Appellant contends that his counsel told him that by pleading guilty he could be sentenced to a substance abuse felony punishment facility under section 12.422 of the Texas Penal Code.[1] Trial counsel believed that appellant qualified for treatment at a substance abuse felony punishment facility because of conversations he had with a probation officer and because other repeat offenders had been sent to the facility. Trial counsel's beliefs were misplaced for several reasons.

■ Section 12.422 became effective October 1, 1992, and applied to crimes for which all elements of the offense occurred on or after that date. Section 12.422 was repealed effective September 1, 1993. The indictment in cause no. 13–94–508–CR alleged that the offense occurred on or about April 4, 1992, and the indictment in cause no. 13–94–503–CR alleged that the offense occurred on or about July 30, 1992. The information in cause no. 13–94–507–CR alleged that the offense occurred on or about July 23, 1994. Because none of the offenses appellant was charged with occurred during the time that section 12.422 was in effect, appellant did not qualify for treatment at a substance abuse felony punishment facility.

Moreover, under section 12.422, the maximum length of treatment could not exceed one year. After one year of treatment, a defendant could be sent to the institutional division of the Texas Department of Criminal Justice for a term of not more than ten years. Because appellant pleaded guilty as a habitual offender, the trial court could not assess a punishment of less than twenty-five years' confinement. Thus, appellant was not eligible for treatment under section 12.422.

■ Based on the above information, trial counsel's advice was a significant misrepresentation of the law. If appellant pleaded guilty believing this misrepresentation, then the conviction cannot be allowed to stand. *See McGuire,* 617 S.W.2d at 261; *Messer,* 757 S.W.2d at 824.

Appellant relies on *Ex parte Battle,* 817 S.W.2d 81 (Tex.Crim.App.1991), to support his contention that trial counsel's advice caused his pleas to be involuntary. We be-

1. Section 12.422 states, in relevant part, as follows:

§ 12.422. **Imposition of Substance abuse felony punishment.**

(a) A court may punish an eligible defendant convicted of an offense listed in Subsection (d) of this section that is otherwise punishable as a felony of the first, second, or third degree by imposing on the defendant:

(1) a term of confinement and treatment in a substance abuse treatment facility operated by the community justice assistance division of the Texas Department of Criminal Justice for an indeterminate term of not more that one year or less than six months....

(2) a term of not less than two years or more than 10 years in the institutional division of the Texas Department of Criminal Justice to begin not later than the 30th day after the day on which the defendant is released from a substance abuse facility....

(d) This section applies to all felony offenses other than murder under Section 19.02, Penal Code, or an offense listed under Section 3g(a)(1), Article 42.12 Code of Criminal Procedure, or sentence the judgment for which contains an affirmative finding under Section 3g(a)(2) of that article.

Act of August 25, 1991, 72nd Leg., 2nd C.S., ch. 10, § 19.01, 1991 Tex.Gen.Laws, 180, 218–19, *repealed by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws, 3586, 3604.

lieve this reliance to be misplaced. In *Ex parte Battle,* the appellant was not definitely told that he did not qualify for probation. The record in this case, however, shows that the trial court corrected any mistaken notions trial counsel and the appellant may have had about treatment at a substance abuse felony punishment facility.

The record reflects that trial counsel called two witnesses to testify concerning appellant's need for treatment at a substance abuse felony punishment facility. During the testimony of the second witness, appellant's mother, the following colloquy occurred:

Trial Court: Were you aware that your son was convicted of damage to private property in 1958 and was convicted. That in 1959 he was convicted of burglary 1, 2—twice and sent to the penitentiary.

Witness: Yes, sir.

Trial Court: That he was convicted of theft and sent to the penitentiary in '62; that he was convicted of aggravated assault in '63, convicted; that he was, in '64 convicted of assault to murder with two counts, that he was found guilty of aggravated assault in '64; convicted in '65 of assault and murder; that in '66 he was convicted of aggravated assault; that in '67 he was convicted of escape. And in '69 he was convicted of aggravated assault; that in '72 he was convicted and sentenced to 30 years for armed robbery, that his parole was revoked in '83? I've heard of the love of a mother but this is a lot of love. This man has been convicted several times for assaultive cases.

\*     \*     \*     \*     \*     \*

Trial Court: He was 32 years old the last time he got convicted for armed robbery, 32 years old.

\*     \*     \*     \*     \*     \*

Trial Court: Let's forget that he's ever committed a crime at all. Okay? Let's forget all of these things that I just mentioned. He just pled guilty to habitual and the law says that the less—the least amount I can give him is 25 years. So how do I do what y'all are asking if

the least amount is 25 years, how do I do it? Anybody come up with an idea?

After this issue was fully discussed, the trial court commented on appellant's failure to appear for trial at least twice on the 1992 possession charges and that as a fugitive, appellant was again arrested for possession in 1994. The court then addressed appellant:

Trial Court: I tell you what Mr. Gomez, I'll let you withdraw your plea if you want to and we'll go to trial but the least amount you're going to get is 25 years. You were offered 30, you turned it down.

Defendant: I've been led to believe, sir, that I would qualify for treatment if you saw that I could benefit from it.

Trial Court: I don't think so. Even if you did I would not go along with it because of your record. You've got a record of violent crimes.

The trial court and appellant then discussed appellant's failure to appear for a prior trial setting. After hearing appellant's explanation, the trial court stated:

Trial Court: Then that's how you would have proven to me that you were sincere. But you didn't—you didn't report—you waited until we had to find you again. You want to withdraw your—I'm telling you right now that you're facing a minimum of 25 years. I can stack all of these things and keep you in prison for the rest of your life. If you want to withdraw your plea that's fine.

Defendant: Can I have a minute with [defense counsel] please, sir?

Trial Court: Sure, go ahead.

(Pause in Proceedings.)

Trial Court: What do you want to do?

Defendant: First I want to apologize for letting you down. Serious offenses that I got. I'll go ahead and plead guilty and throw myself at the mercy of the Court. I regret that I haven't been a better person. I hope when I get out this time that I will.

■ Appellant contends that the trial court's statement that he was facing a minimum of twenty-five years, that the court

could stack the sentences, and that the court could keep him in prison for the rest of his life, was coercive and led to his decision not to withdraw his pleas of guilty. The record shows that immediately before the trial court's statement, appellant was trying to explain to the court why he failed to appear for a prior trial setting after the court had allowed him to remain free on bond. The record is clear that the trial court only wanted to make certain that appellant did not base his decision on the court's past leniency and that he knew exactly what factors the court would consider in determining the sentence. In addition, the trial court stressed the maximum sentence appellant could receive if he elected to continue with his guilty pleas. We conclude that the trial court's statement was not coercive.

Appellant contends it was his belief that 1) the proceeding was merely a pre-trial hearing to determine his eligibility for treatment at a substance abuse felony punishment facility and 2) he would still have a trial. However, appellant's own words show he clearly understood that the court was going to sentence him without further proceedings and what the terms of the sentence could be. In his final comments to the court before sentence was imposed, appellant stated:

> I mean you have to give me no less than 25, sir, because of a charge of habitual and if you can, sir, it's still a big sentence at my age. If you can give it to me I hope that by then I can come out and not do heroin again and be able to look my family in the face and say I did try to be a good parent.

We hold that any harm caused by trial counsel's misrepresentation of the law was eliminated when the trial court gave appellant the opportunity to withdraw his pleas. Appellant's first point of error is overruled.

By his second point of error, appellant complains that the trial court did not comply with art. 26.13 of the Code of Criminal Procedure.[2] Appellant contends that the trial court's admonishments were incorrect because they did not include the range of punishment if the enhancement allegations were found to be true.

■■■■■ Before accepting a plea of guilty, a trial court must admonish the defendant in accordance with art. 26.13. *Lindsey v. State*, 902 S.W.2d 9, 11 (Tex.App.—Corpus Christi 1995, no pet.). The trial court may make the admonitions required by art. 26.13 either orally or in writing. Tex.Code Crim.Proc. Ann. art. 26.13 (Vernon 1989); *Lindsey*, 902 S.W.2d at 11; *Muñoz*, 840 S.W.2d at 75. The purpose of art. 26.13 is to assure that a defendant who pleads guilty understands the charges against him and the consequences of his plea. *Basham v. State*, 608 S.W.2d 677, 678 (Tex.Crim.App.1980). When a defendant pleads guilty to an indictment that alleges prior convictions for enhancement purposes, the accused should be admonished of the full range of punishment available through the enhancements. *Taylor v. State*, 591 S.W.2d 826, 828 (Tex.Crim.App.1980); *Gonzales v. State*, 746 S.W.2d 902, 904 (Tex.App.—Corpus Christi 1988, no pet.). Substantial compliance with art. 26.13 is sufficient. *Basham*, 608 S.W.2d at 678. Substantial compliance exists when the record shows that the trial judge admonished the accused either orally or in writing, even if the admonishments are incomplete or incorrect. *Ex parte Gibauitch,*

---

2. Article 26.13 states, in relevant part, as follows:
   **Art. 26.13. Plea of guilty**
   (a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:
   (1) the range of the punishment attached to the offense; . . .
   (b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.
   (c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.
   (d) The court may make the admonitions required by this article either orally or in writing. If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea. If the defendant is unable or refuses to sign the statement, the court shall make the admonitions orally.
   Tex.Code Crim.Proc.Ann. art. 26.13 (Vernon 1989).

688 S.W.2d 868, 871 (Tex.Crim.App.1985). To reverse a conviction when the trial court substantially complies with art. 26.13, the accused must show that he entered his plea without understanding the consequences of his action and that he suffered harm. *Id.*

■ In the present case, the trial court's written admonishments correctly informed appellant that for each second degree felony possession conviction, he could be sentenced to a prison term of not more than twenty years or less than two years, and in addition, be assessed a fine not to exceed $10,000. *See* TEX.PENAL CODE ANN. § 12.33 (Vernon 1994). However, the trial court's written admonishments did not inform appellant that by pleading true to the enhancement paragraphs contained in the charging instruments he could be sentenced to a prison term for life, or for any term of not more than ninety-nine years or less than twenty-five years. *See* TEX.PENAL CODE ANN. § 12.42(d) (Vernon 1994), *amended by* TEX.PENAL CODE ANN. § 12.42(d)(1) (Supp.1996).

■ When a trial court completely fails to admonish a defendant, such failure constitutes reversible error without regard to whether the defendant was harmed. *Gonzales,* 746 S.W.2d at 904. But where the record indicates that the defendant received an admonishment with respect to punishment, although not a complete one, there is a prima facie showing that the guilty plea was knowingly and voluntarily made. *Id.* At that point, the burden shifts to the defendant to show that he entered the pleas without understanding the consequences of his action and was "misled or harmed by the admonishment of the Court." *Ex parte Smith,* 678 S.W.2d 78, 79 (Tex.Crim.App.1984); *Gonzales,* 746 S.W.2d at 904.

In addition to the written admonishments, the trial court orally informed appellant several times that the minimum sentence the court could consider with the enhancement offenses was twenty-five years. Moreover, the trial court told appellant that the sentences could be stacked to keep appellant in prison for the rest of his life. Although these oral admonishments are incomplete, when combined with the court's written ad-

monitions, we hold that they are substantially correct.

■ Appellant must, therefore, show that he entered his pleas without understanding the consequences of his action and that he suffered harm. Appellant's comments to the trial court before sentence was imposed show that appellant fully realized the minimum sentence the court could impose was twenty-five years and that the court might impose a longer sentence. Moreover, the trial court imposed a sentence in each case of thirty years, only five years more than the minimum, and ordered that all three sentences run concurrently. We hold that appellant has failed to show 1) that he entered his pleas without understanding the consequences of his action and 2) that he suffered harm.

■ Appellant also complains that by having trial counsel review the written admonishments with him, the trial court circumvented the rule that the court must give the warnings and be satisfied with the voluntariness of the pleas. Appellant contends that trial counsel went over the written admonishments with him, and he then signed the statement of understanding without reading the admonishments.

By this complaint, appellant is not contending that the trial court's admonishments harmed him. Nor is he claiming that but for the court's admonishments he would not have pleaded guilty.

■ The trial court may make the admonitions required by art. 26.13 either orally or in writing. TEX.CODE CRIM.PROC.ANN. art. 26.13(d) (Vernon 1989); *Lindsey,* 902 S.W.2d at 11; *Muñoz,* 840 S.W.2d at 75. If the trial court admonishes a defendant in writing, rather than orally, the court must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea. TEX.CODE CRIM.PROC. ANN. art. 26.13(d) (Vernon 1989); *Lindsey,* 902 S.W.2d at 11; *Muñoz,* 840 S.W.2d at 75.

We find in the record of each case that the court's written admonishments are followed by a document entitled "Acknowledgement

by Defendant." In this document, appellant declares:

1. I have read the Court's Admonishments and I hereby waive the right to have the trial court orally admonish me;

2. My attorney has explained the admonishments to me as well as all other documents which I have signed in the cause;

3. I am the same person who is charged by Indictment/Information in this cause with the offense of ... alleged to have occurred in Nueces County, Texas, on or about ...;

4. I, now in open Court, enter my Plea of Guilty to that offense. My Plea of Guilty is made voluntarily and made without force, threats, persuasion, fear, or promise. I enter my plea of guilty only because I am guilty as charged.

\* \* \* \* \* \*

10. I acknowledge and understand the admonishments given to me in writing by the Court; ... and I am aware of the consequences of my entering a Plea of Guilty in this cause. I want the Court to accept my Plea of Guilty.

The "Acknowledgement by Defendant" is signed and sworn to by appellant.

The Defendant's Acknowledgement is followed by a document entitled "Attorney's Certificate." In this document, appellant's attorney states that she has read and/or explained the Court's written admonishments to the defendant, that his plea of guilty is voluntarily made, that the defendant is fully aware of the consequences of his plea, and understands the admonishments given to him by the Court in writing. The Attorney's Certificate is signed by appellant's attorney. The Attorney's Certificate is followed by an order of the trial court accepting and approving the Defendant's Acknowledgement and Attorney's Certificate.

In his sworn acknowledgements, appellant informed the trial court that he had read the court's written admonishments and waived his right to have the court orally admonish him. By doing so, we hold that appellant waived his right to have the court orally admonish him.

Appellant also contends that he did not plead guilty in open court as required by art. 27.13 of the Code of Criminal Procedure. We find this contention to be without merit.

In his sworn acknowledgements, appellant informed the trial court that he was entering pleas of guilty to the offenses alleged in the indictments and information. In addition, after the trial court offered him the opportunity to withdraw his pleas, appellant stated, "I'll go ahead and plead guilty and throw myself at the mercy of the court." Appellant's second point of error is overruled.

By his third point of error, appellant contends that the trial court erred in finding that the enhancement allegations were "true" because the evidence was insufficient to support such a finding. Appellant argues that the record is completely devoid of any pleas of "true" or "not true" to the enhancement paragraphs of the indictments.

An oral plea is not required when the appellant has previously stipulated to the enhancement allegations and punishment is not assessed by a jury. *Garner v. State,* 858 S.W.2d 656, 659 (Tex.App.—Fort Worth 1993, pet. ref'd); *see Reed v. State,* 500 S.W.2d 497, 499 (Tex.Crim.App.1973); *Simms v. State,* 848 S.W.2d 754, 755 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd); *Nolan v. State,* 624 S.W.2d 721, 724 (Tex. App.—Amarillo 1981, no pet.).

The record reflects that appellant signed judicial confessions and stipulations admitting that the facts in the enhancement paragraphs of the charging instruments were true and correct. During the plea and sentencing hearing, the prosecutor stated:

I think the court was asking for evidence. I've got documents in each of the three cases marked State's Exhibit Number 1. In each of these cases they [sic] are judicial confessions and stipulations in which the defendant confesses to the offenses charged and he's also confessing to the fact that he's been previously convicted in Cause Number 2717 out of San Patricio County and Cause Number 970 out of Aransas County. State's Exhibit 1 in each of the cases have been signed by the defendant, his attorney, and myself. I'll tender

these documents to defense counsel and offer them into evidence.

The trial court admitted this evidence without objection from appellant. The evidence shows that:

1) In October 1959, appellant was convicted of the offense of burglary in cause no. 2717 in the 36th District Court of San Patricio County, Texas and sentenced to six years in the State Penitentiary; and

2) In July 1973, appellant was convicted of robbery by assault in cause no. 970 in the 36th District Court of Aransas County, Texas and sentenced to thirty years' confinement in the Texas Department of Corrections.

We find this to be sufficient evidence to support the trial court's finding that the enhancement allegations are true. *See Daniel v. State*, 585 S.W.2d 688, 690 (Tex.Crim.App. 1979); *Garza v. State*, 548 S.W.2d 55, 56–57 (Tex.Crim.App.1977). Appellant's third point of error is overruled.

The judgments of the trial court in cause numbers 13–94–503–CR, 13–94–507–CR, and 13–94–508–CR are affirmed.