

# NUMBER 13-07-00652-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**RICHARD LOPEZ,**                                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                   **Appellee.**

### On appeal from the 28th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Rodriguez**

Appellant, Richard Lopez, pleaded guilty to the offense of aggravated assault. *See* TEX. PENAL CODE ANN. § 22.02 (Vernon Supp. 2008). The trial court assessed punishment at thirty years' confinement in the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID). By one issue, Lopez contends that his open plea of guilty was not

knowingly and voluntarily made because the trial court failed to properly admonish him concerning the underlying and enhanced range of punishment. We affirm.

## I. BACKGROUND

Lopez was charged by indictment with the offense of aggravated assault, a second degree felony. *See id.* Prior to trial, the State filed notice of its intent to enhance Lopez's punishment to a first-degree felony. *See id.* § 12.42 (Vernon Supp. 2008).

At the guilt/innocence phase, defense counsel informed the trial court that he had discussed the possibility of a plea agreement with Lopez and explained to him that based on the enhancement, "the offer went from 15 years to 30 years because [Lopez] is now facing a first degree punishment phase, penalty of five to 99 or life." Lopez then entered his open plea of guilty, and the following exchange occurred:

> The Court: And you understand the range of punishment, not only as a second degree, but the state has alleged enhanced punishment from—that makes it a first degree.
>
> [Lopez]: Yes, ma'am.
>
> The Court: And we discussed that this morning, did we not?
>
> [Lopez]: We did.
>
> The Court: And you understand both punishment ranges and what you are facing?
>
> [Lopez]: I do.

The trial court then found Lopez guilty of aggravated assault based on his plea of guilty, the evidence presented, and his judicial confession.

The trial court's written admonishments on the range of punishment stated:

> The range of punishment for the offense you are charged with or are entering a plea of guilty or nolo contendere to is for a 2nd [degree]

2

felony. . . . If you have one or more prior felony convictions, your punishment may be increased as shown in the paragraph similarly marked. The Court will set your punishment within the applicable range of punishment.

Although the trial court's written admonishments on the range of punishment contained a list of paragraphs providing how punishment may be enhanced, none of the paragraphs listed are marked. Although not marked, the document states: (1) "**Repeat Offender for Second Degree Felony Conviction § 12.42(b)**: A person convicted of a second degree felony who has been once before convicted of any felony shall be punished for a first degree felony."; and (2) "**First Degree Felony § 12.32**: One guilty of a FIRST degree felony shall be punished by imprisonment for Life or for any term of not more than 99 years or less than 5 years, and, in addition to imprisonment, by a fine not to exceed $10,000."

Lopez signed the defendant's statement and admonishments and initialed where it stated: (1) "I enter my plea voluntarily and without force, threats, persuasion, fear or promise"; and (2) "I understand the admonishments given to me in writing by the Court, I know the range of punishment applicable in this case, and I am aware of the consequences of my entering a plea of guilty/nolo contendere." Defense counsel signed a certificate of consultation and consent to waiver, which stated:

> I have read and explained all of the Court's written admonishments to the Defendant and the applicable range of punishment and the waiver of rights. His/Her plea of guilty/nolo contendere is made freely, voluntarily, knowingly, and intelligently. . . . The defendant is fully aware of the consequences of his/her plea, knows the range of punishment, and understands all of the admonishments given to him/her by the Court in writing.

The trial court accepted Lopez's plea and entered a finding of true on the enhancement of the prior conviction. The trial court then sentenced Lopez to confinement in the TDCJ-ID for thirty years. This appeal ensued.

3

## II. ADMONISHMENTS

By his sole issue, Lopez claims that his guilty plea was "involuntary due to the [trial] court's failure to properly admonish him concerning the applicable range of punishment."[1] Specifically, Lopez argues that "the written admonishments concerning the range of punishment are not checked off or marked" which would have shown "that he actually went over and understood those portions."

Under article 26.13 of the code of criminal procedure, before accepting a guilty plea, the trial court must admonish the defendant of, among other things, "the range of punishment attached to the offense." TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp. 2008). Substantial compliance with article 26.13 in admonishing a defendant constitutes a prima facie showing that the defendant's guilty plea was entered freely and voluntarily. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); *Ex parte Gibauitch*, 688 S.W.2d. 868, 870-71 (Tex. Crim. App.1985) (providing that substantial compliance exists when the record shows that the trial judge admonished the accused either orally or in writing, even if the admonishments are incomplete or incorrect); *Gomez v. State*, 921 S.W.2d 329, 336 (Tex. App.–Corpus Christi 1996, no pet.) (finding substantial compliance although "the trial court's written admonishments did not inform appellant that by pleading true to the enhancement paragraphs contained in the charging instruments he could be sentenced to a prison term for life, or for any term of not more than ninety-nine

---

[1] We note that the Texas Court of Criminal Appeals has determined that a trial court's failure to admonish a defendant of the proper range of punishment is subject to a harmless error analysis under rule 44.2(b) of the Texas Rules of Appellate Procedure. *Aguirre-Mata v. State*, 125 S.W.3d 473, 473 (Tex. Crim. App. 2003); *see* TEX. R. APP. P. 44.2(b).

years or less than twenty-five years").  The burden then shifts to the defendant to show that he was unaware of the consequences of his plea and that he was misled or harmed by the trial court's admonishments.  *Gomez*, 921 S.W.2d at 336; *see* TEX. CODE CRIM. PROC. ANN. 26.13(c); *Dorsey v. State*, 55 S.W.3d 227, 235 (Tex. App.–Corpus Christi 2001, no pet.).

In the present case, the written admonishments specifically set out that Lopez was entering a guilty plea for a second-degree felony and provided the proper range of punishment.  Then, before Lopez pleaded guilty, and by referring to a previous discussion with Lopez, the trial court explained that because the State had alleged an enhancement, he could be punished for a first degree felony.  Lopez acknowledged to the trial court that he was aware of the enhancement, and of the possibility that, with the enhancement, the range of punishment was that of a first degree felony.  The trial court clearly provided the appropriate range of punishment for a first degree felony in its written admonishments.

We therefore conclude that the trial court substantially complied with article 26.13 in admonishing Lopez.  *See Aguirre-Mata v. State*, 125 S.W.3d 473, 479-80 (Tex. Crim. App. 2003) (providing that only substantial compliance by the trial court with article 26.13(a)(1) is required "where there was some evidence that the trial court admonished the defendant, but simply fell short of the statutory requirements"); *see also Gomez*, 921 S.W.2d at 336 (concluding that if "the record indicates that the defendant received an admonishment with respect to punishment, although not a complete one, there is a prima facie showing that the guilty plea was knowingly and voluntarily made").  There is, therefore, a prima facie showing that Lopez's guilty plea was entered freely and voluntarily. *Martinez*, 981 S.W.2d at 197.  Thus, the burden shifted to Lopez to show that he was

unaware of the consequences of his plea and that he was misled or harmed by the trial court's admonishments. *See Gomez*, 921 S.W.2d at 336; *see also* TEX. CODE CRIM. PROC. ANN. 26.13(c); *Dorsey*, 55 S.W.3d at 235.

Lopez does not identify any harm arising from the trial court's written admonishments, and does not contend that he was misled. Accordingly, we conclude that Lopez has not met his burden of affirmatively showing harm arising from the trial court's admonishments. *See Gomez*, 921 S.W.2d at 336; *see also* TEX. CODE CRIM. PROC. ANN. 26.13(c); *Dorsey*, 55 S.W.3d at 235. Moreover, Lopez has not shown that he was unaware of the consequences of his plea. In fact, the record reveals that defense counsel informed Lopez that, with the enhancement, he was facing a penalty of five years to ninety-nine years or life, and that the trial court informed Lopez that, with the enhancement, there was a possibility that he could receive punishment for a first degree felony. We overrule Lopez's sole issue.

### III. CONCLUSION

We affirm.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 28th day of August, 2008.