ACCEPTED
13-14-00380-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
2/23/2015 7:44:06 PM
DORIAN RAMIREZ
CLERK

## NO. 13-14-00380-CR

**In The**

**Court of Appeals**

**Thirteenth Supreme Judicial District**

**Corpus Christi, Texas**

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
2/23/2015 7:44:06 PM
DORIAN E. RAMIREZ
Clerk

_____

**LAWRENCE JAMES, JR**
**Appellant**

**vs.**

**THE STATE OF TEXAS**
**Appellee**

_____

**On Appeal in Cause No. 12-14114**

**252nd District Court, Jefferson County, Texas**

**HONORABLE LARRY GIST, Judge Presiding**

_____

**BRIEF FOR APPELLANT**

_____

**TERRENCE LEON HOLMES**
**455 Milam Street**
**Beaumont, Texas 77701**
**(409) 832-6041**
**(409) 832-6078 FAX**
**TBN: 09908486**

**Attorney for Appellant**
**No Oral Argument Requested**

**SUBJECT INDEX**

|  | PAGE |
|---|---|
| IDENTITY OF PARTIES AND COUNSEL | 3 |
| INDEX OF AUTHORITIES | 6 |
| STATEMENT OF THE CASE | 7 |
| ISSUES PRESENTED | 10 |
| STATEMENT OF FACTS | 11 |
| SUMMARY OF THE ARGUMENT | 14 |
| ARGUMENT | 14 |
| CERTIFICATE OF COUNSEL | 19 |
| CERTIFICATE OF COMPLIANCE WITH RULE 9.4 | 21 |
| CERTIFICATE OF SERVICE | 22 |

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX.R.APP. 38.1(a), Appellant certifies that the following persons may have an interest in this case to the extent of their respective designations, and this certification is made in order that the presiding judges may evaluate possible conflicts of interests.

**LAWRENCE JAMES, JR**
Defendant/Appellant
Institutional Division

**THE STATE OF TEXAS**
Complainant, victim, or aggrieved party

**TERRENCE LEON HOLMES, 455 Milam, Beaumont, Texas 77705**
Attorney for the Appellant on Appeal

**RODNEY D. CONERLY, Assistant Criminal District Attorney, Jefferson County Courthouse, Beaumont, Texas 77701**
Counsel for Appellee on Appeal

**ERIC HOUGHTON, Assistant District Attorney, 1001 Pearl, Suite 301, Beaumont, Texas 77701**
Counsel for the State (Guilt/innocence and sentencing)

**NATHAN L. REYNOLDS, JR., 3500 Memorial Blvd., Port Arthur, Texas 77640**
Attorney for the Appellant before Appeal

**JUDGE HONORABLE LARRY GIST, 252nd District Court, Jefferson County, Texas**
Trial Court Judge

**NO. 13-14-00380-CR**

**In The**

**Court of Appeals**

**Thirteenth Supreme Judicial District**

**Corpus Christi, Texas**
_____

**LAWRENCE JAMES, JR**
**Appellant**

**vs.**

**THE STATE OF TEXAS**
**Appellee**
_____

**On Appeal in Cause No. 12-14114**

**252nd District Court, Jefferson County, Texas**

**HONORABLE LARRY GIST, Judge Presiding**
_____

**BRIEF FOR APPELLANT**
_____

**TO THE HONORABLE COURT:**

LAWRENCE JAMES, JR, Defendant in Cause No. 12-14114 in the 252nd

District Court, Jefferson County, Texas, Honorable Larry Gist, Judge Presiding, and

Appellant for the Court of Appeals, respectfully submits this brief to the Court for the

purpose of appealing his conviction of Murder.

For convenience, the parties will be referred to as "Appellant" and the "State."

# INDEX OF AUTHORITIES

**CASES**                                                                          **PAGE**

Anders v. California, 366 U. S. 738 (1967)                                            19

*Anderson v. State*, Not Reported in S.W.3d,
2003 WL 21197260, Tex.App.-Hous. (1Dist.), May 22, 2003                               17

Gainous v. State, 436 S. W. 2d 737 (Tex. Crim. App. 1969)                             19

*Gomez v. State*, 921 S.W.2d 329 (Tex. App.-Corpus Christi 1996)                      14

*Harvill v. State*, 13 S.W.3d 478 (Tex. App.-Corpus Christi 2000)                     14

High v. State, 573 S. W. 2d 807 (Tex. Crim. App. 1978)                                19

*Houston v. State*, 201 S.W.3d 212 (Tex. App.- Hous. [14 Dist.] 2006)                 14

*Lord v. State*, 63 S.W.3d 87 (Tex. App.-Corpus Christi 2001)                         14

*Saldana v. State*, 150 S.W.3d 486 (Tex.App.-Austin 2004)                             16


STATUTES

Vernon's Ann.Texas C.C.P. art. 26.13                                          14, 15, 16 & 17

## STATEMENT OF THE CASE

### Nature of the Case

This is an appeal from a conviction in Cause No. 12-14114 for Murder. On April 28, 2014 a Pre-Trial Hearing was held. (Supplemental Reporter's Record, Volume 1 of 2). The Supplemental Reporter's Record states that on April 29, 2014 a Pre-Trial Motion and Voir Dire Hearing was held; however this date is the day after the Written Plea Admonishment were signed by the Appellant. (Clerk's Record, pgs. 5-6 and pgs. 29-31; Supplemental Reporter's Record, Volume 2 of 2). Moreover, on April 28, 2014, the Appellant pled guilty to said offense in the indictment (Clerk's Record, pgs. 5-6 and pgs. 29-31); however, the Reporter's Record states that the Plea hearing occurred on April 29, 2014. (Reporter's Record, Vol. 2, pg. 5, lines 12-14).

### Course of Proceedings

The indictment alleges that the offense of Murder occurred on or about March 27, 2012. (Clerk's Record, pgs. 5-6). On April 28, 2014, the Appellant pled guilty to said offense in the indictment (Clerk's Record, pgs. 5-6 and pgs. 29-31); however, the Reporter's Record states that the Plea hearing occurred on April 29, 2014. (Reporter's Record, Vol. 2, pg. 5, lines 12-14). Additionally, Appellant orally affirmed to the trial court during the plea hearing that he was pleading guilty of his own free choice and that he did everything he was charged with in the indictment. (Reporter's Record, Vol.

2, pg. 5, lines 23 thru pg. 6, line 3). Appellant was properly admonished pursuant to Art. 26.13 of the Texas Code of Criminal Procedure at the time of the plea. (Clerk's Record, pgs. 29-31; Reporter's Record, Vol. 2 pgs. 4-6 and Vol. 4). Under Art. 1.14 Tx.C.C.P., the Appellant gave up all rights to him by law, whether of from, substance or procedure. Joined by his attorney, Appellant gave up his right to a jury in this case and his right to the appearance, confrontation and cross examination of the witnesses. (Clerk's Record, pgs. 29-31). Written admonitions were signed by the Appellant. (Clerk's Record, pgs. 29-31). The Appellant orally represented to the court that he understood everything he signed with his lawyer. (Reporter's Record, Vol. 2 pg. 6, lines 4-22). The Appellant's plea was non-negotiated or un-agreed. (Reporter's Record, Vol. 2 pg. 5, lines 15-18). The Court found the evidence sufficient to find the Appellant guilty and ordered a pre-sentence report. (Clerk's Record, pgs. 29-31, Reporter's Record, Vol. 2 pg. 6). The pre-sentence report stated that the Appellant was withdrawing his guilty plea because he "hasn't been given proper due process" and was "coerced into pleading guilty" by his attorney. (Clerk's Record, pg. 47). At the sentencing hearing on June 2, 2014, the Appellant's counsel moved to withdraw the Appellant's guilty plea. (Reporter's Record, Vol. 3, pg. 6, lines 15-16). The Court denied Appellant's motion to withdraw. (Reporter's Record, Vol. 3, pg. 6, lines 17-20). After arguments by the State and the Appellant, the Court sentenced the Appellant to

life in the Department of Corrections. (Clerk's Record, pgs. 55-58). (Reporter's Record, Vol. 3, pg. 11, lines 14-16).

Counsel herein was appointed to represent Appellant on appeal.

## ISSUES PRESENTED

There are no arguable points of error, fundamental or otherwise, upon which Appellant could obtain relief from the conviction in the trial court below.

**STATEMENT OF FACTS**

This is an appeal from a conviction in Cause No. 12-14114 for Murder. On April 28, 2014 a Pre-Trial Hearing was held. (Supplemental Reporter's Record, Volume 1 of 2). The Supplemental Reporter's Record states that on April 29, 2014 a Pre-Trial Motion and Voir Dire Hearing was held; however, this date is the day after the Written Plea Admonishment were signed by the Appellant. (Clerk's Record, pgs. 5-6 and pgs. 29-31; Supplemental Reporter's Record, Volume 2 of 2). Moreover, on April 28, 2014, the Appellant pled guilty to said offense in the indictment (Clerk's Record, pgs. 5-6 and pgs. 29-31); however, the Reporter's Record states that the Plea hearing occurred on April 29, 2014. (Reporter's Record, Vol. 2, pg. 5, lines 12-14).

The indictment alleges that the offense of Murder occurred on or about March 27, 2012. (Clerk's Record, pgs. 5-6). On April 28, 2014, the Appellant pled guilty to said offense in the indictment (Clerk's Record, pgs. 5-6 and pgs. 29-31); however, the Reporter's Record states that the Plea hearing occurred on April 29, 2014. (Reporter's Record, Vol. 2, pg. 5, lines 12-14). Additionally, Appellant orally affirmed to the trial court during the plea hearing that he was pleading guilty of his own free choice and that he did everything he was charged with in the indictment. (Reporter's Record, Vol. 2, pg. 5, lines 23 thru pg. 6, line 3). Appellant was properly admonished pursuant to Art. 26.13 of the Texas Code of Criminal Procedure at the time of the plea. (Clerk's

Record, pgs. 29-31; Reporter's Record, Vol. 2 pgs. 4-6 and Vol. 4). Under Art. 1.14 Tx.C.C.P., the Appellant gave up all rights to him by law, whether of from, substance or procedure. Joined by his attorney, Appellant gave up his right to a jury in this case and his right to the appearance, confrontation and cross examination of the witnesses. (Clerk's Record, pgs. 29-31). Written admonitions were signed by the Appellant. (Clerk's Record, pgs. 29-31). The Appellant orally represented to the court that he understood everything he signed with his lawyer. (Reporter's Record, Vol. 2 pg. 6, lines 4-22). The Appellant's plea was non-negotiated or un-agreed. (Reporter's Record, Vol. 2 pg. 5, lines 15-18). The Court found the evidence sufficient to find the Appellant guilty and ordered a pre-sentence report. (Clerk's Record, pgs. 29-31, Reporter's Record, Vol. 2 pg. 6). The pre-sentence report stated that the Appellant was withdrawing his guilty plea because he "hasn't been given proper due process" and was "coerced into pleading guilty" by his attorney. (Clerk's Record, pg. 47). At the sentencing hearing on June 2, 2014, the Appellant's counsel moved to withdraw the Appellant's guilty plea. (Reporter's Record, Vol. 3, pg. 6, lines 15-16). The Court denied Appellant's motion to withdraw. (Reporter's Record, Vol. 3, pg. 6, lines 17-20). After arguments by the State and the Appellant, the Court sentenced the Appellant to life in the Department of Corrections. (Clerk's Record, pgs. 55-58). (Reporter's Record, Vol. 3, pg. 11, lines 14-16).

The Appellant filed notice of appeal on June 5, 2014. (Clerk's Record, pg. 72). The Court certified the Appellant's right to appeal on June 5, 2014. (Clerk's Record, pg. 60). Counsel herein was appointed to represent Appellant on appeal, and files this brief in that regard. No reversible error has been found in this case, as further detailed in this brief.

## SUMMARY OF THE ARGUMENT

There are no arguable points of error as further detailed in this brief.

## ARGUMENT

After diligently reviewing the record (Reporter's Record and Transcript) in this case and researching the law, appointed counsel herein has found no reversible error committed by the trial court and no arguable grounds or error.

First, a nonnegotiated plea of guilty waives all nonjurisdictional defects occurring prior to entry of the plea, but such a plea does not preclude a defendant from challenging the voluntariness of his plea on appeal. (*Harvill v. State*, 13 S.W.3d 478, 2000 WL 221888, Tex.App.-Corpus Christi, February 24, 2000). Next, to be constitutionally valid, a guilty plea must be knowing and voluntary. Moreover, a trial court's substantial compliance with the statute (Vernon's Ann.Texas C.C.P. art. 26.13) governing the required admonishments at plea hearings establishes a prima facie case that the plea was valid. *(Lord v. State*, 63 S.W.3d 87, 2001 WL 1346401, Tex.App.- Corpus Christi, November 01, 2001). When considering the voluntariness of a guilty plea, an appellate court must examine the entire record. (*Houston v. State*, 201 S.W.3d 212, 2006 WL 2294495, Tex.App.- Hous. [14 Dist.], August 10, 2006). *Pursuant to Gomez v. State*, 921 S.W.2d 329, 1996 WL 87107, Tex. App.-Corpus Christi, February 29, 1996, the voluntariness of a guilty plea is determined by the totality of

14

circumstances. Vernon's Ann. Texas C.C.P. art. 26.13(b)

In light of the evidence in the record, the Appellant's plea appears to voluntary and the trial court substantially complied Vernon's Ann. Texas C.C.P. art. 26.13 which governs the required admonishments at plea hearings. The record shows that the indictment alleged the offense Murder occurred on or about March 27, 2012. (Clerk's Record, pgs. 5-6). And the record shows that on April 28, 2014, the Appellant pled guilty to said offense in the indictment (Clerk's Record, pgs. 5-6 and pgs. 29-31); however, the Reporter's Record states that the Plea hearing occurred on April 29, 2014. (Reporter's Record, Vol. 2, pg. 5, lines 12-14). The recorded also shows that the Appellant's plea was non-negotiated or un-agreed. (Reporter's Record, Vol. 2 pg. 5, lines 15-18). Additionally, Appellant orally affirmed to the trial court during the plea hearing that he was pleading guilty of his own free choice and that he did everything he was charged with in the indictment. (Reporter's Record, Vol. 2, pg. 5, line 23 thru pg. 6, line 3). Moreover, written admonitions were signed by the Appellant. (Clerk's Record, pgs. 29-31; Reporter's Record, Vol. 4). Furthermore, the Appellant orally represented to the court that he understood everything he signed with his lawyer. (Reporter's Record, Vol. 2 pg. 6, lines 4-22). In the acknowledgement that Appellant signed it states as follows:

*Comes now the defendant, joined by my counsel, and states that I understand the*

*foregoing admonishments from the Court and I am aware of the consequences of my plea. I am mentally competent and my plea is freely and voluntarily made. If counsel was appointed, I give up and waive any time provided to me by law to prepare for trial. I am totally satisfied with the representation provided to me by my attorney who provided fully effective and competent legal representation.* Applying the facts to the rule, the record reflects that the Appellant was properly admonished pursuant to Art. 26.13 of the Texas Code of Criminal Procedure at the time of the plea. (Clerk's Record, Vol. pgs. 29-31; Reporter's Record, Vol. 2 pgs. 4-6 and Vol. 4).

The record further shows that the Court found the evidence sufficient to find the Appellant guilty and ordered a pre-sentence report. (Clerk's Record, pgs. 29-31, Reporter's Record, Vol. 2 pg. 6). The pre-sentence report dated May 22, 2014 stated that the Appellant was withdrawing his guilty plea because he "hasn't been given proper due process" and was "coerced into pleading guilty" by his attorney. (Clerk's Record, pg. 47). At the sentencing hearing on June 2, 2014, the Appellant's counsel moved to withdraw the Appellant's guilty plea. (Reporter's Record, Vol. 3, pg. 6, lines 15-16). The Court denied Appellant's motion to withdraw. (Reporter's Record, Vol. 3, pg. 6, lines 17-20).

Pursuant to *Saldana v. State*, 150 S.W.3d 486, 2004 WL 524445, Tex.App.-Austin, March 18, 2004, a defendant may withdraw his guilty plea as a matter of right

without assigning any reason until the judgment has been pronounced or the case has been taken under advisement.

In *Anderson v. State*, Not Reported in S.W.3d, 2003 WL 21197260, Tex.App.-Hous. (1Dist.), May 22, 2003, the Court held that denial of motion to withdraw plea, brought after trial court had taken case under advisement and reset it for preparation of pre-sentence investigation report, was not abuse of discretion. The record reflects that the Appellant stated his intent to withdraw his plea in the pre-sentence report dated May 22, 2014 and his attorney moved to withdraw his plea during sentencing June 2, 2014 after the Court made a finding of guilt and ordered a pre-sentence investigation report on April 29, 2014. Applying the facts to the rule, the denial of Appellant's motion to withdraw his plea after trial court had taken the case under advisement and reset it for preparation of pre-sentence investigation report, was not an abuse of the trial court's discretion.

Appellant pled guilty before the court. Appellant was properly admonished pursuant to Art. 26.13 of the Texas Code of Criminal Procedure at the time of the plea. Counsel herein has obtained, filed and reviewed the reporter's record from the plea and found no reversible error, fundamental or otherwise. The trial court assessed punishment in the hearing with the absence of fundamental error. Counsel reviewed the indictment, pleadings, the plea proceedings and all other matters in the record. No

authority has been found to indicate an abuse of discretion on the part of the trial court in accepting Appellant plea and pronouncing sentence.

The Appellant has raised a claim of ineffective assistance against his trial counsel; however, I could not find anything in the record to raise that claim on appeal.

If the Court disagrees with appointed counsel herein, then this appeal should be abated in the interest of justice, and counsel herein should be directed to prepare a brief to particularize any complaint of Appellant, which the court finds to be meritorious. Counsel herein further urges the Court to fully consider any contention of Appellant, which he may choose to raise pro se, after he receives and review the matter of record herein.

Respectfully submitted,

**_/s/ Terrence Leon Holmes_**
TERRENCE LEON HOLMES
455 Milam Street
Beaumont, Texas 77701
TBN: 09908486
(409) 832-6041
(409) 832-6078 FAX
Email: terrencelholmes@aol.com

| | | |
|---|---|---|
| **LAWRENCE JAMES, JR** | § | **IN THE COURT OF APPEALS** |
| **Appellant** | § | |
| | § | |
| **VS.** | § | **THIRTEENTH DISTRICT** |
| | § | |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **Appellee** | § | **CORPUS CHRISTI, TEXAS** |

## CERTIFICATE OF COUNSEL

In compliance with the requirements of **High v. State**, 573 S. W. 2d 807 (Tex. Crim. App. 1978), **Anders v. California**, 366 U. S. 738 1967) and **Gainous v. State**, 436 S. W. 2d 737 (Tex. Crim. App. 1969) the appointed counsel of record herein for LAWRENCE JAMES, JR, on the appeal states that he has diligently reviewed the entire appeal record in this case and the law applicable thereto and, in his opinion, the appeal from the judgment and sentence and all proceedings appurtenant thereto is without merit and is frivolous because the record reflects no reversible error. Further, it is the opinion of counsel herein that there are no grounds upon which an appeal can be predicated pertaining to the indictment or trial hereof.

Counsel herein has served a copy of this brief on Appellant at the time of its filing. At the time, counsel informed Appellant by accompanying letter that it is the opinion of counsel that the appeal is without merit, and that he personally has the right to view the record and file a pro-se brief raising any ground or error or complaint which he may desire.

Counsel herein has filed a motion to extend the time to file a brief, requesting that the Appellant be afforded an additional 30 days from the date he may receive

the record herein or 30 days from the date of filing of said motion, in order to file a pro-se brief if he so chooses.

Respectfully submitted,

 /s/ Terrence Leon Holmes
TERRENCE LEON HOLMES
455 Milam Street
Beaumont, Texas 77701
TBN: 09908486
(409) 832-6041
(409) 832-6078 FAX
Email: terrencelholmes@aol.com

ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4

I hereby certify that this document complies with the requirements of Tex. R. App. Proc. 9.4(i)(2)(B) because there are **2020** words in this document, excluding the portions of the document excepted from the word count under rule 9(i)(1), as calculated by the MS Word computer program used to prepare it.

*/s/ Terrence Leon Holmes*
TERRENCE LEON HOLMES
455 Milam Street
Beaumont, Texas 77701
Email: terrencelholmes@aol.com
(409) 832-6041
(409) 832-6078 FAX

**CERTIFICATE OF SERVICE**

I do hereby certify that on February 23, 2015, a true and correct copy of the foregoing Anders Brief for Appellant was submitted by telecopy (409) 835-8573 via efile to, Waylyn G. Thompson, Assistant Criminal District Attorney, and a true and correct copy was mailed via regular US Mail to LAWRENCE JAMES, JR, TDCJ# 01940637, Eastham Unit, 2665 Prison Road #1, Lovelady, Texas 75851.

*/s/ Terrence Leon Holmes*

TERRENCE LEON HOLMES
455 Milam Street
Beaumont, Texas 77701
Email: terrencelholmes@aol.com
(409) 832-6041
(409) 832-6078 FAX