ACCEPTED
01-14-01019-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/8/2015 7:18:20 PM
CHRISTOPHER PRINE
CLERK

No. 01-14-01019-CR

_____

IN THE COURT OF APPEALS
FOR THE
FIRST SUPREME JUDICIAL DISTRICT
AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
7/8/2015 7:18:20 PM
CHRISTOPHER A. PRINE
Clerk

_____

| HUNG LE | § | APPELLANT |
|---------|---|-----------|
| V. | § | |
| STATE OF TEXAS | § | APPELLEE |

_____

On Appeal in Cause 1398928 from the 232nd District Court of Harris County,

Texas

_____

BRIEF OF APPELLANT

_____

J. Sidney Crowley
214 Morton St.
Richmond, Texas 77469
(281)232-8332
TBC No. 05170200


ATTORNEY FOR APPELLANT

INTERESTED PARTIES

<u>APPELLANT</u>
Hung Le
Texas Department of Criminal Justice
Correctional Division

<u>TRIAL JUDGE</u>
Hon. Mary Lou Keel
232nd District Court
of Harris County

<u>TRIAL COUNSEL</u>
Samuel Adamo
3200 Travis, Fourth floor
Houston, Texas 77002

<u>APPELLATE COUNSEL</u>
J. Sidney Crowley
214 Morton St.
Richmond, Texas, 77469

<u>STATE OF TEXAS</u>
Devon Anderson
District Attorney, Harris County
1201 Franklin St.
Houston, Texas 77002

Markay Stroud
Assistant District Attorney
Harris County

# TABLE OF CONTENTS

LIST OF INTERESTED PARTIES ........................................................................2

INDEX OF AUTHORITIES................................................................................4

STATEMENT OF THE CASE.............................................................................5

POSSIBLE POINTS OF ERROR........................................................................6

STATEMENT OF FACTS...................................................................................7

SUMMARY OF THE ARGUMENT....................................................................9

POSSIBLE POINT OF ERROR ONE
    The trial court reversibly erred in failing to comply with the
    requirements of TEX.CODE CRIM.PROC., art. 26.13...............................10

CERTIFICATE REGARDING FRIVOLOUS APPEAL.......................................10

CONCLUSION.................................................................................................11

NOTICE TO APPELLANT...............................................................................11

PRAYER..........................................................................................................12

CERTIFICATE OF COMPLIANCE...................................................................13

CERTIFICATE OF SERVICE...........................................................................13

# INDEX OF AUTHORITIES

Statutes

 TEX. CODE CRIM. PROC., art. 26.13........................................................7,9,10


Cases

Anders v. California, 386 U.S. 738, 87 S.Ct., 1396 (1967)...................................5,9

Gomez v. State, 921 S.W. 2d 329 (Tex.App.-Corpus Christi 1996).......................10

Lindsey v. State, 902 S.W.2d 9, 11 (Tex.App-Corpus Christi 1995)....................10

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Appellant, Hung Le, by and through his attorney, J. SIDNEY CROWLEY, submits this frivolous appeal brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967).

## STATEMENT OF THE CASE

Appellant, charged by indictment with the felony offense of aggravated assault on a public servant, entered a plea of guilty to the trial court. The court sentenced Appellant to confinement in the Texas Department of Corrections, Correctional Division, for life.

## POSSIBLE POINT OF ERROR

## POSSIBLE POINT OF ERROR ONE

The trial court reversibly erred in failing to comply with the requirements of

TEX.CODE CRIM.PROC., art. 26.13 when it accepted Appellant's plea of guilty.

.

## STATEMENT OF FACTS

### POSSIBLE POINT OF ERROR 0NE

Appellant was charged by indictment with the offense of aggravated assault on a public servant. Appellant entered a plea of guilty without an agreed recommendation from the state and requested the preparation of a presentence investigation report. Prior to the plea, Appellant filed a document entitled "Waiver of rights, agreement to stipulate and judicial confession" signed by the attorney for the state, Appellant's attorney, and Appellant himself (CR-1602). In it, Appellant waived the right of trial by jury, the right to confront the witnesses and his right against self-incrimination. Appellant also judicially confessed to having committed the offense as alleged in the indictment.

A set of separate set of written admonishments, initialed and signed by Appellant, the prosecutor and defense counsel was also executed (CR-1604). The admonishments are those set forth in TEX. CODE CRIM. PROC., art. 26.13. The trial court also orally admonished Appellant (RR-2). The Court inquired whether Appellant had been forced to plead guilty or had been promised anything, to which Appellant responded in the negative. The court orally admonished Appellant on the correct range of punishment for the offense (RR-2, p. 4). The court informed him that he could possibly receive probation but also that the court could very well sentence

7

him to life in prison (RR-2, p. 4). The Court asked if he had understood the paper work and Appellant replied in the affirmative. The court then recessed the proceedings and ordered the preparation of a presentence report.

The court conducted a sentencing hearing 3 months later when the presentence report was ready. The state introduced numerous medical records and a video tape. Appellant's sister testified concerning his history. At the close of the hearing the court found Appellant guilty and sentenced him to confinement for life in the Institutional Division.

## SUMMARY OF THE ARGUMENT

### POSSIBLE POINT OF ERROR ONE

Appellant  signed a long series of written admonishments, which satisfied the requirements of article 26.13.  In addition he was orally admonished by the trial court.

## POSSIBLE POINT OF ERROR ONE

The trial court reversibly erred in failing to comply with the requirements of TEX. CODE CRIM. PROC., art. 26.13 when it accepted Appellant's plea of guilty.

### Argument and Authorities

Before accepting a plea of guilty the trial court must admonish the defendant in accord with the requirements of article 26.13. The admonishments may be orally or in writing. Gomez v. State, 921 S.W.2d 329 (Tex.App.-Corpus Christi, 1996). If the trial court admonishes the defendant in writing instead of orally, the court must receive a statement signed by the defendant and his attorney that he understands the admonishments and is aware of the consequences of his plea. Lindsey v. State, 902 S.W.2d 9,11 (Tex.App.-Corpus Christi 1995). The trial record contains such a signed statement. The trial court fully complied with all of the statutory requisites in accepting Appellant's plea. Appellant was also admonished orally by the trial court. In addition Appellant was sentenced within the permissible range of punishment for the offense of aggravated assault on a public servant.

### CERTIFICATE REGARDING FRIVOLOUS APPEAL

In compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967), counsel has conscientiously reviewed the entire Clerk's and Reporters record from the proceedings below, has thoroughly researched the law, and has exercised

judgment in identifying the arguments that may be advanced on appeal. In searching for the strongest arguments available, counsel resolved all doubts and legal questions in Appellant's favor. The only theories that counsel could discover after his conscientious review of the record and the law were arguments that lacked any merit and that could not conceivably persuade this Court to reverse Appellant's judgment of conviction. Therefore counsel is of the opinion that the appeal is "frivolous". Accordingly counsel is filing this brief with reference to anything that might "arguably support the appeal". Id., at 744, 87 S.Ct., at 1400.

A copy of this brief has been forwarded to Appellant. Pursuant to Anders, counsel has advised Appellant that he has the right to file a pro se brief raising any other additional points that he chooses.

## CONCLUSION

Appellate counsel has examined the entire record, and in his opinion, this appeal is frivolous. In addition, he has mailed a copy of the brief to Appellant.

## NOTICE TO APPELLANT

I have made a thorough and conscientious review of the record and the law in your case. After searching for the strongest arguments available and resolving all doubts and ambiguous legal questions in your favor, the only theories that I can

11

discover are arguments that cannot conceivably persuade an appellate court to reverse the judgment.

You have a right of access to the record and the right to file a brief on your own behalf at the Court of Appeals. The address of the Court of Appeals is:

Clerk, First Court of Appeals
301 Fannin St,
 Houston, Texas 77002

You may request access to the record by filing a request with the First Court of Appeals at the above address. A form for obtaining the record will be sent to you.

<u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Court accept this brief, that the Court conduct an independent examination of the record in the instant case, and that it take appropriate action.


Respectfully submitted,

/s/ J. SIDNEY CROWLEY
 214 Morton St.
 Richmond, Tx. 77469
 281-232-8332
TBC 05170200


Attorney for Appellant

12

## CERTIFICATE OF COMPLIANCE

The foregoing instrument consists of 1306 words, computer generated.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was e-served on the Appellate Division, Harris County District Attorney's Office, Houston, Texas and mailed to Hung Le, TDCJ-ID No. 01966229, Michael Unit, 2664 FM 2054, Tennessee Colony, Texas 75886, this the 9th day of July, 2015.

/s/ J. Sidney Crowley